FREDERICK GILLUM v. THE STATE.

1. CRIMINAL LAW. *Venire facias. Irregularities in service. Motion to quash return.*

    The fact that a special *venire facias* in a capital case was served by a person not having the writ in his possession and having no written appointment as a deputy sheriff, is not a good ground for a motion to quash the return on the writ, if it appears that the writ was executed by a person professing to act for the sheriff.

2. SAME. *Failure to summon all of venire. Alias writ.*

    And the defendant, in such case, is not entitled to an *alias venire facias* because some of those named in the original writ for jurors were not found, where it appears that diligent efforts were made to summon all of them.

3. MURDER. *Circumstantial evidence. Motive.*

    In the trial of a charge of murder, depending upon circumstantial evidence, an indictment against the defendant for another offense, found previously to the

killing, is not admissible to show a motive in the accused, when it is not proven that the deceased had any connection with that indictment or that the accused knew of its existence.

4. MURDER. *Proof of motive. Indictment procured by deceased.*

Where, however, it is shown that, prior to the killing, the defendant in such case knew of an indictment against himself for a misdemeanor, which he believed to have been procured by the deceased, and had threatened to kill him for it, the indictment is competent as a part of the evidence to establish a motive for the crime charged.

5. CONSPIRACY. *Evidence. Admissibility of declarations.*

The declarations of a conspirator are not admissible against a co-conspirator, if not uttered in the presence of the latter, unless made while doing some act in furtherance of the common purpose.

APPEAL from the Circuit Court of Attala County.

HON. C. H. CAMPBELL, Judge.

In March, 1883, Frederick Gillum was indicted, together with his brothers, Harry Gillum and Thomas Gillum, upon the charge of having murdered Roling Madison Suggs on the 27th of October, 1882. He was arrested and plead " not guilty."

A special *venire facias* was issued for a jury to try the charge against Frederick Gillum, and when the writ had been returned he moved to quash the return thereon upon grounds which are sufficiently indicated in the opinion of the court disposing of the same. The motion to quash was overruled, and then the defendant moved for an *alias venire facias* for such persons named in the original writ as the return thereon showed had not been summoned. The latter motion was also overruled.

On the 21st of October, 1884, Frederick Gillum was put upon this trial. The evidence against him was entirely circumstantial. The district attorney was permitted to read, as a part of the evidence for the State, three indictments, one against the defendant and Thomas Gillum for disturbing the family of W. R. Dumas, one against the defendant and Harry Gillum for unlawfully retailing liquor, and one against Harry Gillum for unlawfully retailing liquor. These indictments were found in October, 1881. They were admitted in evidence over the objection of the defendant, and

he excepted to the action of the court in respect thereto.   The purpose for which they were introduced, and the bearings which they had respectively upon the case, as shown by the other evidence, are stated in the opinion of the court.

Certain threats made by Thomas Gillum and Harry Gillum, severally, against the deceased were admitted in evidence over the objection of the defendant, who took due exception to the court's action in overruling his objection.   The grounds of such objection are indicated in the opinion of the court.

The jury found a verdict of " guilty " against the defendant, and he appealed to this court.

*C. V. Gwin,* for the appellant.

1. There is but one way to create a special deputy sheriff lawfully authorized to execute process and return it into court—only one way so to create him as that his acts will confer jurisdiction on the court over the object of his act.   That way is in writing under the hand of the sheriff.   Section 326, Code 1880.   *Nelson* v. *Nye,* 43 Miss. 124.

The persons who summoned the jurors in this case were not legally appointed, and the court acquired no jurisdiction over the persons summoned.

2. Had the persons claiming to be deputies been duly appointed officers the writ would not have been legally executed.

The only way in which to serve a writ is either to read the original or give a copy thereof to the person served.   The officer serving the writ must have it, *the warrant* of the court, in his possession.

3. The statute gave the defendant the right to have the persons who were drawn from the box legally summoned—summoned by a person authorized so to do *by law,* or diligent effort made to summon them by such person, in order that he might select from them those by whom he was to be tried, and to be notified of those who have thus been summoned.

4. The court erred in admitting the acts and declarations of Tom and Harry Gillum, when the acts were not done or the declarations not made in the presence of Fred. Gillum, as evidence against

Fred. Gillum. For two reasons these acts and declarations were inadmissible.

(1st). Because no conspiracy was shown by any proper evidence to exist—not even is there *primâ facie* proof of a conspiracy.

(2d). And even when the conspiracy is clearly shown, the acts and declarations of co-conspirators before they can be given in evidence against another must be made and done *dum fervit opus.* They must occur and take place in the *prosecution* of the common design and in furtherance of the enterprise. There is no exception to the rule as applied to conspirators and agents. *Lyne's Case*, 7 Ga. 617.

5. The court erred in permitting the three indictments to be read in evidence against the defendant. It was not competent, if such was the purpose, to prove by these indictments that Suggs had reported either of the persons indicted to the grand jury. Their only effect was to prejudice the jury. They were proof of nothing except their own existence, and were improperly read to the jury.

*T. S. Ford,* Attorney General, for the State.

1. All of the provisions of the code regulating the summoning and impaneling juries are merely directory. *Code* of 1880, § 1673. *Barnes* v. *The State*, 60 Miss. 358. So far as the forty-three persons are concerned who appeared in obedience to the command of the special venire, it was a matter of no concern to the defendant through what agency their attendance was procured. Being there, defendant asked the court to perform a mere idle ceremony in quashing the return.

2. As to the seven men returned as not found by the sheriff, no reason was shown for quashing the return as to them. It was not shown by the evidence that this part of the sheriff's return was untrue, and, therefore, the court below properly refused to award an *alias venire facias* to procure their attendance.

3. It is assigned for error that the court improperly admitted evidence of the acts and declarations of Tom Gillum and Harry Gillum. It is respectfully submitted that the acts and declarations of Tom Gillum and Harry Gillum up to the time of the killing were properly admitted, on the ground that they were co-conspira-

tors with Fred. Gillum, and that they all united in one common design to take the life of the deceased. The conspiracy and common design being established by the concurrent declarations of the three conspirators, the declarations of each conspirator became competent evidence against each other. The connection of the individuals in the unlawful enterprise being thus shown, every act and declaration with reference to the common object is in contemplation of law the act and declaration of them all, and is, therefore, original evidence against each of them. It makes no difference at what time any one enters into the conspiracy. Every one who does enter into a common purpose or design is generally deemed in law a party to every act which had before been done by the others, and a party to every act which may be done afterward by any of the others in furtherance of such common design. 1 Greenl. on Ev., § 111.

When combination is shown, then the evidence of what is said and done by one is admissible against the rest. 2 Bishop on Crim. Proc., § 190.

4. The indictments were properly admitted to go before the jury. The grievance that the defendant and his brothers had against Suggs was that he had reported them to the grand jury and instigated criminal prosecutions against them. Surely the indictments are competent in support of the testimony of those witnesses who detailed the threat of the accused as to what " the boys" would do to Suggs if they ascertained it to be true that Suggs had " reported" them.

COOPER, J., delivered the opinion of the court.

The court properly overruled the motion to quash the return to the writ of *venire facias*, and properly refused the motion for an *alias* writ for those of the jurors who had not been summoned. It is not necessary that the persons named in a special *venire facias* shall be summoned by an officer holding the writ in his hands, nor that the deputies shall be formally appointed in writing by the sheriff. It is sufficient to show that the jurors have been notified to appear by some person professing to act for the sheriff. And if it appears that the persons so acting have made diligent efforts to summon

the jurors, the fact that some of them have not been found will not entitle the defendant to a new writ to secure their attendance. It was error to admit in evidence against the objection of the defendant the indictment against him and Thomas Gillum for disturbing the family of W. R. Dumas. It was not shown that the deceased had any connection with this indictment; that he was a witness for the State as to the matters therein charged against the defendants; that he knew, or was thought by the defendants to have known, that it had been presented by the grand jury; nor does it appear that the defendant himself knew that such an indictment had been found against him. The indictments for retailing liquor were admissible as evidence. It appears from the testimony of several witnesses that the defendant knew that these indictments were pending against him, and that he believed them to have been procured by the evidence of the deceased, and had threatened to kill him because of his action in appearing as a witness against him. They were, therefore, admissible as a part of the facts going to establish a motive on the part of the defendant to kill the deceased.

The threats and declarations of Thomas and Harry Gillum not made in the presence of the defendant should not have been admitted against him. After a conspiracy has been established by evidence *aliunde*, the declarations and acts of each conspirator in the furtherance of the common design are admissible against all, but it is necessary that such acts and declarations be shown to have been made or done in the prosecution of the common purpose. They are admissible as parts of the *res gestæ*, and declarations or admissions which are not themselves acts and do not illustrate or interpret contemporaneous acts do not partake of the nature of *res gestæ*, and are inadmissible against any others save those by whom they are made. 1 Phillips on Ev. 205; Wharton on Criminal Evidence, § 698. The threats and declarations of Thomas and Harry Gillum which were proved against the defendant were none of them made while the parties were engaged in any attempt to kill or injure the deceased.

*Judgment reversed.*