### J. H. SUIT V. THE STATE.

*No. 3656.    Decided October 31.*

1. **Statement of Facts—Diligence Required as to Filing of.**—Where a statement of facts has not been filed within the time prescribed by law, nor within the ten days allowed by order of the court, the party desiring to have the same considered on appeal must show to the satisfaction of the appellate court that he has used due diligence to have the same approved, certified, and filed within the time prescribed, and that his failure so to do was the result of causes beyond his or his attorney's control.

2. **Special Venire—Officer to Whom the Writ for is Directed.**—While it may be an irregularity to direct a writ for special venire to the "sheriff, or any constable," *held,* that this is not sufficient error to require a quashal of the writ, and especially so where it is shown that the sheriff did actually execute and return the writ.

3. **Amendment of Writ for Special Venire.**—Where the court permitted a writ for special venire to be amended so as to show the true date of the order for the return of the writ, by adding the figure 1 to the three figures 189, making the date read May 22, 1891, instead of May 22, 189, *held,* correct.

4. **Same—Cases Cited and Approved.**—Washington v. The State, 8 Texas Court of Appeals, 377; Sterling v. The State, 15 Texas Court of Appeals, 249; Murray v. the State, 21 Texas Court of Appeals, 466.

5. **Absent Venireman—Attachment for.**—Where an attachment has been issued for an absent venireman, the court is not required to postpone the trial until he can be brought into court.

6. **Juror, Qualification of—Conclusion of as to Guilt or Innocence.**—In order to disqualify a juror on account of conclusion as to the guilt or innocence of the defendant, as provided in subdivision 13 of article 636, Code of Criminal Procedure, "such conclusion must be established," and the ultimatum of the matter is, Can the

juror give a fair and impartial verdict upon the law and facts? If so, he is competent; if not, he is incompetent.

7. **Same.**—To disqualify a juror on account of a conclusion in his mind as to the guilt or innocence of the accused, the conclusion must be such as is not only "established," but such "as will influence him in finding his verdict."

8. **Absence of Statement of Facts—Bill of Exceptions—Evidence—Declarations of Third Parties.**—Where there is no statement of facts in the record, on appeal a bill of exceptions reserved to the admission of testimony over objection must be so full and certain that in and of itself it will disclose all that is necessary to manifest the supposed error. The bill of exceptions disclosed that the wife of the deceased was asked what was said by her daughters Bertha and Hattie, or by any one else, if anything, at the time her husband was killed, as to the voice of the party who did the killing—the killing having been done in the night-time—to which she replied, Bertha and Hattie both said, "It is Joe Suit." To this testimony defendant objected, because hearsay, declarations of third parties not participants in the transaction, and also because as to Bertha, she being the wife of defendant, her declarations could not be taken in evidence against him. *Held*, in the absence of a statement of facts, the bill of exceptions not disclosing all the attendant facts and circumstances, it will be presumed that the evidence was admissible, as it might have been in corroboration of testimony introduced by defendant or with his consent; and Bertha, his wife, may have been shown to have been a *particeps criminis*, in which event her declarations might have been *res gestæ* and admissible.

9. **Incompetent and Illegal Evidence.**—It is not the admission of incompetent or illegal evidence in a case that will always require its reversal.

APPEAL from the District Court of Armstrong. Tried below before Hon. G. A. Brown.

Appellant was indicted for the murder of one Scott Hogg. At his trial he was convicted of murder in the first degree—the punishment being assessed at confinement in the penitentiary for life. The statement of facts not having been filed in time, as required by law, was held by the court not entitled to consideration.

*Woldert & Johnson* and *J. V. Meek*, for appellant, filed an able and elaborate brief on the questions discussed in the opinion, and also after the rendition of said opinion filed a motion for rehearing, which was overruled.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is an appeal from a conviction of murder in the first degree, wherein the appellant was allotted a life-sentence in the penitentiary as his punishment.

The conviction occurred on the 27th day of May, 1891, and the court adjourned for the term on the 29th day of the same month. The statement of facts was certified to by the judge on June 26, and filed the following day—nearly one month after the adjournment of court. One of the attorneys for appellant prepared a statement of facts, and on

June 5 mailed it to the district attorney; and it is stated that owing to interruptions in the carrying and delivery of the mails on the railway, occasioned by high waters which washed away some of the bridges on the line of railway, the statement of facts did not reach the district attorney until the 15th day of June. This is the substance of the affidavit of the attorney making same. The district judge certifies that it was made known to him on the 24th day of June that the parties had failed to agree on a statement of facts, and he then certified the statement found in the record.

When a statement of facts has not been filed within the time prescribed by law, or within the ten days allowed by the order of court, the party desiring to have same considered on appeal must show to the satisfaction of the appellate court that he had used due diligence to obtain the approval and signature of the judge thereto and file same within the time prescribed. He must also show that his failure to file same within the time prescribed is not due to his fault or neglect, and that such failure is the result of causes beyond his or his attorney's control. George v. The State, 25 Texas Ct. App., 229; Spencer v. The State, Id., 585; Farris v. The State, 26 Texas Ct. App., 105; Acts 20th Leg., p. 17. We are of opinion that the requirements of the statute have not been met by appellant, and hence we can not consider the statement of facts.

Appellant moved to quash the writ of special venire on several grounds, only two of which are necessary to be noticed, because the remaining grounds are not supported by the record. It is contended, (1) that the writ should have been quashed, because it was directed to the sheriff or any constable of the county, and not to the sheriff only, as provided by the statute; and (2) the writ was ordered to be returned on May 22, 189 , which was an impossible date. While it may have been an irregularity to direct the writ to "any constable," in addition to the sheriff, it can not be held that this would vitiate the writ. The title of the summoning officer constitutes no ground for a challenge to the array, nor will the command to the sheriff or any other person or officer in the alternative vitiate the process. It is shown by the record in this cause that the sheriff did actually execute and return the writ. It is not contended appellant suffered any injury in this connection. It has been held that the fact that a special venire facias was served by a person not having the writ in his possession and having no written appointment as a deputy sheriff, affords no ground for a motion to quash the return on the writ if it appears that the writ was executed by a person professing to act for the sheriff. Gillum v. The State, 62 Miss., 547.

The writ was amended so as to show the true date of the order for the return of the writ, by adding the figure 1 to the three figures 189, making it read May 22, 1891, instead of May 22, 189 . This was cor-

rect, under the previous rulings of this court, and these rulings are themselves correct. Washington v. The State, 8 Texas Ct. App., 377; Sterling v. The State, 15 Texas Ct. App., 249; Murray v. The State, 21 Texas Ct. App., 466. There was no error in overruling the motion to quash the venire.

R. S. Ford, who had been summoned as a juror in this case, failed to respond when his name "was called in open court," "which facts were not brought to the attention of defendant's counsel at the time; whereupon the court proceeded to impanel the jury, and when the name of R. S. Ford was reached on the list it was passed by, and his name was not called by the sheriff," and after the venire had been exhausted the panel lacked one juror of completion. The appellant requested an attachment for the juror Ford, and a postponement of the trial until he could be brought into court. The attachment was awarded, but the postponement refused. This question was thoroughly considered by this court in Hudson's case, 28 Texas Court of Appeals, 323, and decided adversely to appellant's position assumed in this case. That decision is correct, and is here reaffirmed.

Another bill of exceptions found in the record recites, that "E. R. Terry, on his *voir dire*, stated: 'I have an opinion in regard to the guilt or innocence of the defendant. I don't think it would influence me in my verdict. I live eight miles southwest of Hogg's house. Met defendant several times. Knew deceased. Have talked with some of the witnesses, but not about the case. Have an opinion in this case, and it will require evidence to remove it. This opinion would not influence me in rendering a verdict. If the evidence on the trial is as I have heard it, it would influence me. If the evidence is the same, my mind would be unchanged. I could render a fair and impartial verdict upon the evidence as testified to on the trial and the law as given by the court, uninfluenced by my present opinion.'" He was challenged for cause, and the challenge was overruled. The juror was sworn in, and it is supposed sat upon the jury. Appellant exhausted his peremptory challenges.

Under the statute, in order to disqualify a juror on account of a conclusion on his part as to the guilt or innocence of the party on trial two things are necessary: (1) That there is in some way established in the mind of the juror a conclusion as to the guilt or innocence of such party. (2) That such conclusion will influence the juror in his action in finding a verdict. "Established" has no statutory definition given it by our statutes, but as usually understood it means settled, fixed, confirmed. Such is the definition found in Bouvier's Law Dictionary, as well as in Webster's Dictionary. Under the statute, the conclusion formed by the juror must be such as will prevent him from finding a fair and impartial verdict in the case upon the law and evidence. The ultimatum of the matter is, Can the juror give a fair and impartial

verdict in the case upon the law and facts? If so, he is competent; if not, he is incompetent. Steagald v. The State, 22 Texas Ct. App., 464; Johnson v. The State, 21 Texas Ct. App., 368; Thompson v. The State, 19 Texas Ct. App., 611, 612; Kennedy v. The State, Id., 619; Post v. The State, 10 Texas Ct. App., 591, 592.

The juror does not disclose the facts that influenced him in forming his opinion. It is manifest that he did not receive his information from the witnesses, because he did not talk with them about the case. He met the defendant several times, but does not state whether he discussed the facts with him. If he did, the opinion may have been favorable to the defendant. Upon this, however, the record is silent. The juror swore that he could render a fair and impartial verdict upon the law and the evidence. The mere fact that a juror has established in his mind a conclusion of the guilt or innocence of the party on trial is not a sufficient cause for disqualification. That conclusion, if entertained, must go further, and be of such a character "as will influence him in finding his verdict." Code Crim. Proc., art. 636, subdiv. 13. The court did not err in overruling the cause of challenge urged against the juror.

Amy Hogg, a witness for the State, testified that her husband was shot at night by some one who rode up and hallooed "Hello!" etc. The appellant, on cross-examination, asked her "if it was a fact that when the man hallooed 'Hello!' she did not recognize his voice as Joe Suit's, and if she did not so state to her children at that time." She answered, that "He changed his voice each time he spoke; that she said to the children at the time she did not think it was Joe Suit's." The State, on redirect examination, asked her this question: "You have stated in response to counsel for defendant what you said to your children when the man hallooed 'Hello!' Now state why you so stated to your children, and all that was said at the time by your daughters Bertha and Hattie, or any one else, if anything." This was objected to, because it was hearsay, because it does not appear that the words were uttered by the participants in the crime, and, as to what the daughter Bertha said, because she was sworn and admitted to be the wife of defendant, and therefore could not testify against him, and her declarations could not be proved against him. These objections were overruled, and the witness testified, that "when the man hallooed 'Hello!' Bertha and Hattie both said, 'It is Joe Suit,' and I then said to them I thought not."

A bill of exceptions should be full and explicit in its allegations, that the matters presented for revision may be comprehensible without recourse to inference, and its statements must be so full and certain that in and of itself it will disclose all that is necessary to manifest the supposed error. Willson's Crim. Stats., sec. 2368. In the absence of a statement of facts the rule is, the appellate court will only

consider errors of a fundamental nature, and it will be presumed that all the material allegations contained in the indictment were proved by competent and sufficient evidence, and only such bills of exception will be considered as can be determined without a full knowledge of all the evidence in the case. Id., sec. 2567. To this rule there may be an exception where the party has been convicted of a capital felony, and he has duly reserved his exceptions to the admission of illegal evidence against him. We do not think the bill of exceptions sufficiently sets out the attendant facts and circumstances to require us to pass upon the supposed erroneous ruling. It is not the admission of all incompetent or illegal evidence in a case that would require its reversal. Suppose the two daughters Bertha and Hattie had testified to the same facts that were sworn to by Mrs. Hogg—that is, that they both remarked at the time that the voice heard hallooing "Hello!" was that of Joe Suit, and that Mrs. Hogg had replied that she thought that it was not Joe Suit—and this had been introduced by appellant, or, if not by him, by the State without any objection from him, could the testimony of Mrs. Hogg have been successfully objected to under this state of case? We think not, even if it be granted that it would be otherwise illegal. Why? Because the testimony from these two witnesses was already placed before the jury by the appellant himself, or by the State without objection on his part. It would certainly be too late for him to object to Mrs. Hogg testifying to the same facts he had already proved by the said two witnesses, that they had used the language he was seeking to exclude. The statement of facts may have disclosed this to have been the condition of the case had it been before us, and the bill of exceptions does not exclude this presumption that this was the case. This presumption would be proper, legitimate, and correct under the authorities cited. Again, it is a well recognized rule that matters become the subject of inquiry, and evidence thereof may become relevant, competent, and admissible, because of the admission of other facts or circumstances, when otherwise the evidence of said matters, as an original question, would be irrelevant, incompetent, and inadmissible.

Suppose, although Bertha may have been the wife of appellant, she was shown to have been *particeps criminis* with her husband, and used the remark imputed to her under the circumstances detailed, and it was so clearly connected with the transaction as to be *res gestæ*, would it not be admissible against appellant? We think so. We are only discussing the bill of exceptions as it presents the admitted evidence, in the absence of the statement of facts, and from the standpoint of the presumption that the judgment and rulings of the court are correct, and not from the standpoint that it would have been admissible under article 751 of the Code of Criminal Procedure, and the opinions

of this court as found in Hart's case (15 Texas Ct. App., 202), and Gallaher's case (28 Texas Ct. App., 247). As presented to us, the bill of exceptions manifests no error.

The charge is criticised in several respects, but we do not think any of the objections well taken. Those excerpts from the charge commented upon in the brief are copied from Willson's Forms, with one exception, and have frequently been passed on by this court favorably. We still are of the opinion that the charges criticised are sufficient, and embody the law upon the questions involved therein. In fact, the same charges have been held correct anterior to the creation of this court by our Supreme Court. Upon reasonable doubt the charges found in the case of Massey, 1 Texas Court of Appeals, 563, and Holmes' case, 9 Texas Court of Appeals, 313, cited by appellant, are not the same as the charge in this case. For discussion of these two cases, see Zwicker's case, 27 Texas Court of Appeals, 539.

. We have examined the questions raised in this case, though we found it unnecessary to discuss some of them, and we are of opinion that no reversible error was committed upon the trial as the record is presented to us; therefore the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.