ISAAC CAMACHO V. STATE

No. 25461. November 21, 1951.
Rehearing Denied January 9, 1952.

Hon. W. G. Gayle, Judge Presiding.

*Richard D. Hatch,* Aransas Pass, and *Joseph & Johnson,* Sinton, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The conviction is for a second offense for driving while intoxicated; the punishment, three years in the penitentiary.

The sufficiency of the evidence is not challenged. The sole bill of exception relates to the overruling of a challenge for cause to the juror Roy Haynes. The challenge was based upon Sec. 13 of Art. 616, Vernon's Ann. C.C.P.

Haynes, on voir dire examination, stated that he had confidence in the peace officers of his county and did not believe they would arrest an innocent man, and that the fact that appellant was arrested caused him to believe that appellant was guilty. Assuming that such examination shows that the juror had formed an opinion or conclusion as to the guilt of appellant, nevertheless, the bill is deficient for the reason that it is not shown that the opinion was such as would influence his verdict. Sec. 13 of Art. 616, C.C.P., requires that the opinion or conclusion as to the guilt or innocence of the accused be such as will influence the juror in his action in finding a verdict. The full examination of the juror is not set forth in the bill, and we are not advised as to whether the witness was examined in the manner set forth in Art. 616 (13), C.C.P. Apparently the trial court reached the conclusion from the entire examination that the juror was impartial and would render a fair verdict. The bill does not show reversible error in the overruling of the challenge for cause.

Finding no reversible error the judgment is affirmed.

### ON MOTION FOR REHEARING

MORRISON, Judge.

Our original opinion herein cited no cases but merely referred to the subdivision of the statute involved.

Recently, in Low v. State (Page 34 of this volume), 238 S.W. (2d) 769, in deciding the identical question here presented, but upon a much stronger fact situation, we cited the Suit case (30 Tex. Cr. Rep. 319) with approval as follows: "The test of a juror's qualification under Art. 636, Subdiv. 13, of the Code of Criminal Procedure of 1879, which is substantially identical to Art. 616, Subdiv. 13, of the Code of Criminal Procedure of 1925, was laid down by Judge Davidson in Suit v. State, 30 Tex. Cr. R. 319, 17 S. W. 458, 459, wherein he said: "Under the statute,

in order to disqualify a juror on account of a conclusion on his part as to the guilt or innocence of the party on trial, two things are necessary: (1) That there is in some way established in the mind of the juror a conclusion as to the guilt or innocence of such party; (2) that such conclusion will influence the juror in his action in finding a verdict. * * * The mere fact that a juror has established in his mind a conclusion of the guilt or innocence of the party on trial is not a sufficient cause for disqualification. That conclusion, if entertained, must go further, and be of such a character "as will influence him in finding his verdict".' "

We do not hold that the record before us reveals that the juror had an opinion as to the merits of the case in which he had been called to sit in judgment.

However, we go further and call attention to the fact that the only time he was questioned about any *effect* his confidence in the peace officers of the county would have upon his verdict was while being examined by the court as follows:

"Q   But do you further say that that confidence in the officers and in their endeavors to enforce the law as they see it would not be considered or used by you as any evidence of this defendant's guilt, if you were taken as a juror. A. That's right."

Remaining convinced that reversible error is not shown, appellant's motion for rehearing is overruled.