ABEL FERNANDEZ V. STATE.

No. 26,102.  December 3, 1952.
Rehearing Denied February 18, 1953.

*Homero M. Lopez,* Kingsville, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of marihuana; the punishment, 3 years in the penitentiary.

According to the state's testimony, appellant approached one John Pinchback in a cafe and offered to sell him a cigarette for 25 cents. Pinchback asked appellant to wait until he came back with the money and left the cafe.

Shortly thereafter Pinchback returned, followed by a city patrolman. Appellant was pointed out to the officer and was taken into custody. He was searched by the arresting officer at the police station and later by a city detective, and a marihuana cigarette was found by the detective in appellant's stockings.

Appellant, testifying in his own behalf, denied that he attempted to sell a cigarette at the cafe and claimed that the marihuana cigarette was not taken from him but was produced by the detective for the purpose of framing him.

The jury accepted the state's version, and the evidence sustains their verdict.

There are no bills of exception found in the transcript. The statement of facts is in question and answer form and indexes seven exceptions. We refer to these as informal bills of exception in order to distinguish them from the ordinary bills of exception referred to in Art. 759(a), Vernon's Ann. C.C.P., as formal bills.

Art. 759(a), V.A.C.C.P. Sec. 2, provides for such informal bills and reads as follows:

"Where the Statement of Facts in question and answer form reflects the admission or rejection of testimony objected to or offered by the defendant, the defendant's objection thereto, the evidence rejected, the court's ruling thereon and the defendant's exception to the court's ruling, and such Statement of Facts shall constitute a Bill of Exception to action of the court in admitting such testimony and no formal Bill of Exception thereto shall be necessary. The defendant may, however, prepare and have filed a formal Bill of Exception. Where the defendant offers testimony which is rejected by the court the judge, if requested by defense counsel, shall immediately retire the jury and hear such testimony to allow defendant to perfect his Bill of Exception. Such rejected testimony may be carried in the Statement of Facts and may constitute a Bill of Exception."

No authority is found in the above statute nor elsewhere in our code of criminal procedure for reserving exceptions in the statement of facts other than exceptions relating to the court ruling on the admission or rejection of evidence.

In the absence of a proper bill of exception, we cannot ap-

praise appellant's complaint shown in the statement of facts relating to the court's charge and his request to be allowed to address the jury in person.

The overruling of appellant's motion to quash the jury panel is before us under the provisions of Art. 760 (e), Vernon's Ann. C.C.P. We find no separate statement of any facts adduced on this motion, in the absence of which no error is observed.

One exception was reserved to the overruling of an objection to a leading question. No reversible error is shown by this bill.

The remaining indexed exceptions relate to the introduction of the marihuana cigarette and the evidence relating thereto, the contention being that the arrest was not authorized by law, and the search was, therefore, illegal.

It is shown by the record that, prior to any objection being made, the cigarette was admitted in evidence without objection. This occurred during the examination of the city detective Bill Bolan, whose testimony appears on pages 10 and 11 of the statement of facts.

The first objection made to the admission of the marihuana cigarette appears on page 22 of the statement of facts and was made during the examination of Mr. McDonald, chemist in the crime laboratory of the State Department of Public Safety. The objection was thereafter renewed during the examination of detective Bolan when he was recalled, but we find no motion to exclude the testimony.

The testimony having been admitted without objection, no reversible error is shown by these bills.

The evidence is deemed sufficient to sustain the conviction, and no reversible error appears.

The judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

BELCHER, Judge.

Appellant again insists that the admission in evidence of

the marihuana cigarette was error. He contends that the cigarette in question was only admitted for the purpose of proving its identity. A review of the statement of facts reveals the following testimony by witness Bolan:

"Q. What did you find as a result of this search? A. One marihuana cigarette in his stockings.

"Q. Are you familiar with marihuana cigarettes? A. I am.

"Q. You took one cigarette from him? A. Yes sir.

"Q. Where was it concealed? A. Under the sock, laying flat against his leg, in there. (indicating).

"Q. I here show you a cigarette, and ask you if you can identify that as being the cigarette that was taken from Abel Fernandez? A. Yes sir."

There was no objection made to the admission of the above evidence.

Following the above testimony, there was a stipulation "that the cigarette identified by Mr. Bolan is the same and identical cigarette that is now in the possession of Mr. McDonald of the Department of Public Safety, that if Mr. Scarborough, Sheriff, were in court he would testify that on receiving this cigarette, he, in turn, handed it personally to Mr. J. H. Bridges, Texas Ranger, and that Mr. Bridges proceeded to transmit this same cigarette to the Department of Public Safety for examination."

This stipulation was not a limitation upon the introduction of the cigarette, but was made for the purpose of tracing the possession of the cigarette from the sheriff to the chemist.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.

Opinion approved by the Court.