CHARLES EDWARD MAUCK KLINEDINST V. STATE.

No. 26,449. May 27, 1953.
Rehearing Denied October 14, 1953.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) November 11, 1953.
Petition for Writ of Certiorari Denied by Supreme
Court of the United States March 15, 1954.

*Edgar L. Smith* and *Albert Reagan,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *George P. Black-burn, James K. Allen, Ray Stokes,* and *Charles S. Potts,* Assistants District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for rape of a twelve year old girl; the punishment, death.

The victim testified that she was twice ravished by appellant in the presence or and with the assistance of his common-law wife. The rape occurred on August 30, 1952, near the shores of White Rock Lake in Dallas County, where appellant and his wife had taken the child for a picnic and swim.

The three remained at the lake throughout the night, and on the following morning they went to appellant's residence, secured a camera and then went to a wooded area along a creek near Lemon Avenue, in Dallas.

At this place, according to the prosecutrix and to appellant's confession, appellant engaged in an act of intercourse with the child. Appellant's wife took pictures of the prosecutrix and appellant while in the act of intercourse, and then of appellant holding the breast and hand of the nude girl.

Appellant did not testify, and his court-appointed attorneys defended on insanity alone as a defense.

An affidavit of present insanity was filed, accompanied by a request for preliminary trial on that issue, but after a jury was selected the request was withdrawn. The issue of insanity at the time of the offense and at the time of the trial were submitted at the main trial.

All of the formal bills of exception are the court's bills. Appellant presented his bills of exception Nos. 30 to 43 for approval and each was qualified by the trial judge. Appellant excepted to the qualifications, and the trial judge made the bill as qualified a part of his bill on the subject, certifying to the correctness of the original bills as so qualified.

Appellant not having filed bystanders' bills, the bills so prepared by the trial judge are entitled to be considered.

Bill No. 30 complains of the overruling of appellant's motion for change of venue which was filed prior to the selection of a jury to hear the insanity issue.

An examination of the testimony heard on the motion for change of venue and the state's controverting affidavit convinces us that the trial judge did not abuse his discretion in refusing to change the venue.

There is nothing in the record to indicate that there was any prejudgment of appellant's sanity or insanity, which counsel considers to be the sole controverted issue, nor was prejudice against appellant in Dallas County shown.

Bill No. 31 complains of the overruling of appellant's challenge for cause to the juror Fred Furneaux after his peremptory challenges had been exhausted. Appellant's ground of challenge was that the juror stated to the court and counsel that he had formed and then entertained an opinion in the case of such a nature that evidence would be required to remove it.

The trial judge certifies in this bill that Furneaux stated ". . . that he had read some in the newspaper about the case and had formed some slight opinion but that any opinion that he had he could set it aside and not let it affect his verdict in any manner, and that he would base his verdict solely upon the sworn testimony heard in the trial."

It is further certified that after having answered that he

had formed some opinion from what he had read in the newspaper, and hearing the explanation of the court, the juror stated that if accepted on the jury he would base his decision solely upon the sworn testimony from the witness stand and the law as the court gave it to him.

The fact that a prospective juror declares that he has formed an opinion and that it would take some evidence to remove it does not necessarily disqualify him. If he satisfies the court that he can and will lay aside the opinion he has formed from hearsay or from newspaper accounts and base his verdict alone on the testimony admitted on the trial, the court in his discretion may hold him qualified. Pugh v. State, 148 Tex. Cr. Rep. 277, 186 S.W. 2d 258; Moore v. State, 128 Tex. Cr. Rep. 459, 81 S.W. 2d 1015; Low v. State, 156 Tex. Cr. Rep. 34, 238 S.W. 2d 769; 26 Tex. Jur. p. 766, Sec. 203; Branch's Ann. P.C. 286, Sec. 561.

Bills 36 to 43 inclusive relate to similar challenges for cause to other jurors, none of which show reversible error for like reasons; the jurors were not shown to have had opinions such as would influence their verdict.

We further observe that in none of the bills is it shown that any juror had formed an opinion on the question of appellant's sanity or insanity, or that any was prejudiced against appellant. In view of the statement of appellant's counsel in the presence of the jury, that the fact that appellant had sexual intercourse with the prosecutrix would not be denied, we fail to see how appellant could have been injured if in fact, before he was taken on the jury, a juror entertained an opinion that the act occurred.

Bill No. 32 complains of the sustaining of the state's objection to appellant's question propounded to prospective juror Barnes as to whether or not he would be prejudiced if it developed during the trial that appellant had been court martialed some twenty times.

The trial court correctly ruled that counsel was not permitted to present to the juror what he contended would be evidence and have the juror on his voir dire examination express his reaction thereto.

No error is shown by Bill No. 33 relating to the sustaining of the state's challenge to a juror who declared that he would consider the indictment as evidence of guilt.

Nor did the trial court abuse his discretion in refusing to permit appellant's counsel to further interrogate the juror Schrader after he had been examined both by counsel for appellant and the district attorney, and had been passed to and accepted by the state.

In Bills 35, 36 and 37, appellant appears to complain that the prospective juror was not permitted to state what he had read in the newspapers about the case.

The jurors in question testified that they had not discussed the case and had formed no opinion from what they had read in the newspaper which would affect their verdict. Reversible error is not shown by these bills.

By motion in advance of evidence being offered and by objection made at the time, appellant sought to have all testimony relating to the taking of pictures of appellant and prosecutrix, as well as the pictures themselves, excluded from the jury.

The trial court sustained objections as to the pictures but admitted the testimony as to the taking of the pictures.

It was the state's theory, supported by the testimony of the prosecutrix, that appellant arranged for the taking of the pictures by his wife and threatened to show the pictures if prosecutrix reported the rape, saying that she would be "sent up."

The taking of the pictures at appellant's request formed a part of the res gestae of the offense. If there was error it was against the state in regard to the exclusion of the pictures.

Appellant complains that the state was permitted to show by the prosecutrix that she suffered pain from the intercourse and cried. Also that the prosecutrix was permitted to relate details of the rape and her resistance, though "the prosecution and the court were placed on notice before testimony was offered that the fact of intercourse as charged in the indictment would not be denied, and the only plea entered by appellant was the special plea of 'not guilty on account of insanity.'"

We know of no rule of law which limits the state in its proof of the details of a crime though the accused declares that he does not contest the matter, or even if he pleads guilty and admits the commission of the crime.

The rule referred to in appellant's brief applies to proof of outcry or complaint of the victim, not to her testimony as a witness on the trial.

The testimony of the mother of the prosecutrix regarding her condition when she returned home and reported the rape was also properly admitted.

The same is true of the confession. The fact that it was "cumulative" did not make it inadmissible.

Nor did the court err when, on the day following the admission of the confession, he refused to withdraw it from the jury when the officer to whom it was made testified that appellant "never said anything about the other deal" and did not tell him "about going to White Rock Lake with this girl."

We observe that though the confession mentions the trip to the lake, there is nothing in it regarding appellant's sexual relations with prosecutrix there.

There are a number of informal bills in the Q and A statement of facts pertaining to alleged misconduct of the court and of state's counsel. Nothing is presented for review by these bills, the admission or exclusion of evidence not being the complaint. See Fernandez v. State, 158 Tex. Cr. Rep. 266, 254 S.W. 2d 1004; Herriage v. State, 158 Tex. Cr. Rep. 362, 255 S.W. 2d 516; Art. 759a, Sec. 2, V.A.C.C.P.

We have examined the many other informal bills of exception and find no reversible error therein.

On the issue of insanity, all of the medical testimony was to the effect that appellant was legally sane; that is he knew right from wrong and the nature and consequences of his acts, both at the time of the offense and the time of the trial. Non-experts expressed a similar opinion.

Appellant's evidence was to the effect that he was emotionally unstable, neurotic and appeared immature, this being principally shown by army records.

Appellant's counsel Edgar L. Smith testified on the motion for new trial as to his unsuccessful efforts to get a doctor to examine appellant. It appears that counsel had in his possession

a report of one doctor who had examined appellant, but apparently the report was not such as would justify counsel in calling the doctor as a witness.

We are unable to agree with appellant's contention that he was deprived of a fair and impartial trial because of his inability to find a doctor to examine him and testify as to his mental condition in conformity with appellant's wishes. The testimony in the record shows that appellant was not insane at the times inquired about.

If evidence to the contrary can be produced, and the statute complied with, appellant is not precluded from hereafter raising the question of insanity as a bar to punishment. See Art. 34 P.C.; McCune v. State, 156 Tex. Cr. Rep. 207, 240 S.W. 2d 305, at p. 310.

We commend court-appointed counsel for their efforts in behalf of their client.

The evidence sustains the conviction and the punishment was for the jury.

No reversible error appearing, the judgment is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant's earnest counsel have filed a motion for rehearing and a separate brief in support thereof. We shall discuss the contentions advanced therein.

Appellant first asserts that since he excepted to the court's qualification of his bills of exception he was not bound by the qualifications. This would have been true if the matter had come to rest at this juncture. But the court prepared his own bills, and the appellant prepared no bystanders' bills. This being so, we considered the court's bills.

The venireman Furneaux was not subject to challenge for cause when tested by the rule laid down by Judge Davidson in Suit v. State, 30 Tex. Cr. Rep. 319, 17 S. W. 458, wherein it was said:

"Under the statute, in order to disqualify a juror on account

of a conclusion on his part as to the guilt or innocence of the party on trial, two things are necessary: (1) That there is in some way established in the mind of the juror a conclusion as to the guilt or innocence of such party; (2) that such conclusion will influence the juror in his action in finding a verdict. * * * The mere fact that a juror has established in his mind a conclusion of the guilt or innocence of the party on trial is not a sufficient cause for disqualification. That conclusion, if entertained, must go further, and be of such a character 'as will influence him in finding his verdict'."

Appellant contends that he was unreasonably curtailed in his examination of venireman Barnes. With this we cannot agree. The bill reflects that Barnes was asked one question to which the state objected. The court sustained the objection and then said:

"You can ask him anything that you want to about whether or not his experience he has had would have an effect on him with this case whatsoever but you are attempting to present to this juror now what you are contending to be evidence—wanting him to pass on evidence now; that is why I am sustaining it. Any experience that this man has had in courts martial that might affect him serving as a juror on this case, ask him about it and I will let him answer it."

Instead of attempting another question, counsel announced, "We pass the juror."

With respect to the examination of venireman Thomas, we likewise note that the court inquired, "Is that all?" before announcing his ruling. However, we are at a loss to understand how the appellant could have been injured by the action of the court in excusing a venireman who had answered that irrespective of the law he would consider the indictment as some evidence of guilt.

Appellant contends that he was curtailed in his cross-examination of a doctor who testified as to his sanity. He calls our attention to a certain page in the record. We note that later in the cross-examination of the doctor the court permitted counsel to read what appears to be the entire report in question and propound his question therefrom. Appellant asked the witness if he considered several named authors as authorities. The witness answered that he could not pass judgment on the question. No error is reflected by the bills.

Appellant again asserts that the court fell into error in not withdrawing the confession from the consideration of the jury when he called the court's attention to what he contends was a conflict in the witnesses' testimony. If appellant thought that the tesimony raised an issue as to the admissibility of the confession, he should have requested that such issue be submitted to the jury. We find no such request in the record.

We have again reviewed the entire record in the light of appellant's motion for rehearing and remain convinced that we properly decided this cause originally.

The motion for rehearing is overruled.