## W. R. HERRING V. STATE

No. 28,979. May 29, 1957.

*Boling & Griffith,* Lubbock, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Our prior opinion affirming the conviction herein for the sale of beer in a dry area is withdrawn and the following substituted therefor.

Ten members of the seventeen member jury panel, upon their voir dire examination, were challenged for cause after they stated that they had an opinion as to the guilt of the defendant which would influence their verdict.

The trial court overruled the challenge for cause and appellant, after exhausting his peremptory challenges, was forced to accept these jurors and three of them served as jurors and returned the verdict finding appellant guilty and assessing his punishment at 30 days in jail and a fine of $100.

In holding these jurors qualified the trial court relied upon their statements that their opinions had been formed from reading newspaper reports and discussions on the streets by various people, and the assurance given the court by these jurors that they did not know whether what they read in the newspapers "was so or not, I don't go by that" and they could give him just as fair a trial as though they had never heard a thing or seen him or "anything about it."

Art. 616 V.A.C.C.P. sets out reasons for challenging a juror for cause, or "an objection made to a particular juror, alleging some facts which renders him incapable or unfit to serve on the jury."

One of the grounds set out in said Article 616 is "That from hearsay or otherwise there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as will influence him in his action in finding a verdict."

Art. 616(13) V.A.C.C.P. further sets out the manner by

which it shall be ascertained whether this ground of challenge exists, and provides "the juror shall first be asked whether in his opinion, the conclusion so established will influence his verdict. If he answers in the affirmative, he shall be discharged."

Other provisions of Sec. 13 of Art. 616 V.A.C.C.P. relate to the further examination of the juror "if he answers in the negative."

The jurors challenged by appellant when asked about their opinions did not answer in the negative, but each said that he had formed the opinion that defendant was guilty, and that such opinion would influence his decision in the case.

Under the plain provision of the statute mentioned, the challenges to these jurors should have been sustained and the jurors excused upon such answers. See Branch's Ann. P.C., 2d Ed., Sec. 580, and cases cited.

The fact that a juror has an opinion or conclusion as to the guilt or innocence of the accused does not alone disqualify him. Garza v. State, 149 Texas Cr. Rep. 359, 194 S.W. 2d 406; Suit v. State, 30 Texas Cr. Rep. 319, 17 S.W. 458; Klinedinst v. State, 159 Texas Cr. Rep. 510, 265 S.W. (2d) 593, 599. This is true even though the juror states that it will require evidence to remove the opinion. Moore v. State, 128 Texas Cr. Rep. 459, 81 S.W. 2d 1015; Klinedinst v. State, supra, and cases cited.

But where, as here, the juror states not only that he has formed an opinion as to the defendant's guilt or innocence, but that such opinion would influence his verdict or "decision in the case," the juror is subject to challenge for cause under Art. 616(13) V.A.C.C.P.

Not only did each of these jurors state that he had an opinion upon appellant's guilt, but expressed the opinion that he was guilty. A juror who has formed and expressed an opinion to the effect that the accused is guilty is disqualified. Slack v. State, 67 Texas Cr. Rep. 460, 149 S.W. 107; Randle v. State, 34 Texas Cr. Rep. 43, 28 S.W. 953; Ward v. State, 19 Texas App. 664; 26 Texas Jur. 770, Jury, Sec. 206; Wright v. State, 152 Texas Cr. Rep. 331, 213 S.W. 2d 826.

Appellant's motion for rehearing is granted and the judgment is now reversed and the cause remanded.