JOHN JOSEPH SMITH V. STATE

No. 29,360. January 8, 1958.

No attorney for appellant of record on appeal.

*Howard M. Fender,* Criminal District Attorney, *Scott D. Moore, Albert F. Flick, Jr.,* Assistants Criminal District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is robbery; the punishment, five years' confinement in the penitentiary.

The witness Russell testified that he was a night attendant at a service station located on the left hand side of Highway 183 as one proceeds from Fort Worth to Dallas, and that shortly before one o'clock on the morning in question two men approached his station on foot and asked for a can of gasoline. He stated that as he turned to get the can one of the men "stuck some object" in his back and told him that "this was a stick up," and marched him in the back room, ordered him to lie on the floor, and stood guard over him while the other man rifled the cash register. The witness further stated that, as the men prepared to leave, the one who had been guarding him hit him over the head. While he was still lying on the floor, a car drove up and the men departed. He then called his employer. About five o'clock that same morning the police took the witness to Dallas, where he identified a Mr. Martin in a police lineup as the man who had guarded him and hit him on the head. He did not identify the appellant, stating that he had had no opportunity to observe Martin's companion.

Deputy Sheriffs Cenault and Krauss testified that, while on patrol in the west part of Dallas at two o'clock on the morning in question, their attention was directed to a 1950 Chevrolet parked on the shoulder of the highway and that they approached the automobile, aroused the three occupants, who were identified as Andrew Jackson Martin, Lester Williams, and the appellant, and took them to the Dallas County jail.

Lester Williams testified that he was fifteen years of age and lived at Hillsboro; that on the day before the date charged in the indictment the appellant and Jackson Martin came to his home in a 1949 or 1950 Chevrolet; that the three of them drove to Fort Worth, where they drank beer, during which time he heard his two companions talking about robbing something or knocking somebody in the head; that about midnight they left Fort Worth headed for Dallas; and that he then went to sleep. He stated that his companions woke him and said they wanted him "to go down the road with them to a filling station," but that he protested that he was too drunk, and that they then instructed him to remain in the automobile and drive it back by the filling station in a short while and pick them up. He further stated that when his two companions rejoined him near the filling station one of them asked the other, "Did you do it?" The latter indicated that he had, but both refused to answer the

witness' questions about what they had done. All of them proceeded on toward Dallas, the witness again falling asleep. He was awakened by the officers.

It is insisted that the facts do not warrant the conviction.

It is apparent that the conviction depends upon the testimony of the witness Williams.

Recognizing that the facts raised some question as to Williams' connection with the robbery, the trial court submitted to the jury as a fact issue whether or not the witness was an accomplice.

The verdict of the jury is to be construed, then, as a finding that Williams was not an accomplice, for there is no corroboration of his testimony.

William's testimony, restated below, is to be tested not so much as to the facts to which he testified as to what he did not or failed to testify.

Williams left in the car with Martin and the appellant about midnight to go to Dallas. He went to sleep and was thereafter awakened by appellant and Martin, who told him that they wanted him to go with them to a filling station. Williams declined to accompany them because he was too drunk. Martin and appellant then "took off, back towards Fort Worth," walking. Williams was told to "come up the road in about thirty or forty minutes." Some time thereafter, Williams "started up the car and went to meet them," and did meet them after traveling about a hundred yards.

Williams picked up Martin and the appellant on the south side of a road near a service station. At that time appellant asked Martin: "Did you do it?" Martin indicated, "Yes," by shaking his head. Williams again went to sleep.

Deputy sheriffs of Dallas County arrested the trio around two o'clock the same night, on Highway No. 114, at the river bridge in Dallas County. A search of their persons, as well as the automobile, was made. Martin had something like $2.85 in change on his person. No money was found on appellant's person or on Williams' person. Nothing was found in the automobile.

The prosecuting witness testified that the sum of $51 in cur-

rency was taken from him in the robbery. The officers found no currency at any time.

The filling station which the injured party operated was located at 1401 Baker Boulevard in Richland Hills, in Tarrant County, on the north side of Highway 183 between Fort Worth and Dallas.

There is not a line of testimony in the case that the place where Williams let appellant and Martin out of the car, or where he picked them up, was in Richland Hills, in Tarrant County on any designated highway, or in the vicinity of the robbery.

It follows that there is no testimony, here, showing that appellant was present at the time of and participated in the perpetration of the robbery. Proof of that fact in some lawful manner is required in order to sustain this conviction.

There are other unexplained discrepancies in the state's evidence: the absence of the finding of any currency on the person of any of the parties or in the automobile when they were arrested shorty after the robbery; the fact that, according to Williams' testimony, appellant asked Martin when they got into the automobile, "Did you do it?"; and the testimony of Russell, the injured party, that the person who was with Martin at the time of the robbery and actively participated therein said to Martin during the robbery, "There is more money here. Make him tell where it is."

Under such facts, there was hardly any occasion for appellant to inquire of Martin after the robbery, "Did you do it?"—if, in fact, appellant was present at the robbery.

As the state's case depends solely upon circumstantial evidence, the evidence in order to be sufficient to show appellant's guilt must exclude every other reasonable hypothesis save and except his guilt and must go further than to raise a probability or suspicion.

The conclusion is reached that the circumstances here presented are insufficient to meet that test.

Accordingly, the judgment is reversed and the cause is remanded.