Johnny Melvin CORK, Appellant,

v.

The STATE of Texas, Appellee.

No. 35022.

Court of Criminal Appeals of Texas.

Nov. 28, 1962.

Don M. Wilson, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Guittard, Walton Bondies and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for contributing to the delinquency of a minor; the punishment, confinement in jail for nine months.

Olen Dee Welk, the minor named in the information, a boy sixteen years of age, lived with his parents in the city of Mesquite. Appellant and his wife, Janie, also lived in the city.

The minor testified that on the night in question he went to the appellant's residence around nine o'clock, p. m., where he was met at the door and admitted by appellant. At such time two men were in the house drinking beer. The men left around ten o'clock, p. m., and appellant then suggested that he take some photographs of the witness and appellant's wife, Janie. They then went into the garage, where appellant took a photograph of the witness standing beside Janie; then they went into the kitchen, where a photograph was taken of the witness and Janie sitting on the floor with his arm around her; from the kitchen they went into the bedroom, where, at appellant's suggestion, the witness and Janie sat on the bed. Janie took off her blouse and appellant took a picture of her and the witness sitting on the bed when she was clad only in her brassiere and underwear. She then took off her brassiere, and appellant took a picture of the witness holding her breast.

Later in the night Janie took off her clothes and appellant and the witness played with her private parts. Thereafter, all the parties undressed and were in the nude. Appellant proceeded to have sexual intercourse with his wife in the presence of the witness on two occasions. The prosecuting witness also had two acts of sexual intercourse with her. During the sex orgy, which ended at 3:30 o'clock, a. m., Janie committed several acts of oral sodomy upon the witness.

The proof shows that certain photographs were subsequently seized by the officers in a search of appellant's residence under a search warrant. Three of the photographs were admitted in evidence as State's Exhibits Nos. 1, 2, and 3, upon being identified by the minor as photographs taken by appellant of his wife and the minor on the night in question.

Appellant did not testify and offered no evidence other than the testimony of one of the state's witnesses whom he recalled for the purpose of cross-examination.

Appellant's sole contention on appeal is that the court erred in admitting in evidence the three photographs identified by the prosecuting witness as having been taken by appellant, on the night in question, because the same was obtained as the result of an illegal search and seizure and under a search warrant which was apparently lost or misplaced and no proof was made by the state showing that it was regular on its face.

No objection was made by appellant on the grounds now urged to the introduction of the photographs in evidence. When the photographs were offered in evidence, appellant objected on the ground that the minor who identified the photographs was not an expert in photography, did not himself take the photographs, and could not

identify the parties photographed, in State's Exhibit No. 3.

Our scope of review is limited to the grounds urged by appellant in the objection which he made in the trial court. 42 Tex. Jur. 116, Sec. 85; Hunter v. State, 59 Tex. Cr.R. 439, 129 S.W. 125; and Salyer v. State, Tex.Cr.App., 342 S.W.2d 315.

Exhibits 1, 2, and 3 were identified by the prosecuting witness as photographs taken by appellant on the night in question, and the court did not err in admitting them in evidence.

Finding the evidence sufficient to sustain the conviction, the judgment is affirmed.

Opinion approved by the court.