**Janie Dell CORK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35023.**

Court of Criminal Appeals of Texas.

Nov. 28, 1962.

Don M. Wilson, Dallas, for appellant.

Henry Wade, Dist. Atty., Harold Adams, Walton Bondies and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for contributing to the delinquency of a minor; the punishment, one year in jail and a fine of $500.

This is a companion case to Cork v. State of Texas, Tex.Cr.App., 362 S.W.2d 314.

The prosecution in the two cases grew out of the same transaction and the facts are substantially the same in each case.

As reflected in the opinion affirming the conviction of appellant's husband, Johnny Melvin Cork, the facts show that on the night in question the minor, Olen Dee Welk,

a boy sixteen years of age, went to the residence of appellant and her husband around 9 o'clock p. m. After he arrived, certain photographs were taken of the minor and the appellant by her husband. In one of the pictures the minor had his arm around appellant and in another he had his hand on her breast. After taking the photographs, appellant and her husband exhibited to the minor certain photographs of appellant in the nude, showing her sexual parts. After exhibiting the pictures, the three undressed and while in the nude engaged in numerous acts of sexual intercourse and sex deviation. During the sex orgy, which lasted until 3:30 o'clock, a. m., the appellant, on two occasions while engaged in an act of intercourse with her husband, committed an oral act of sodomy upon the minor.

■ Appellant's sole complaint on appeal is to the admission in evidence of seven photographs which were subsequently seized by the officers in the search of appellant's residence under a search warrant.

Three of the photographs (State's Exhibits 1, 2, and 3) were identified by the minor as photographs taken of him and the appellant by appellant's husband, on the night in question. Three other photographs (State's Exhibits 4, 5, and 6) were identified by the minor as certain lewd photographs of appellant which were shown to him by appellant and her husband on the occasion in question. The seventh photograph (State's Exhibit 7) was a most lewd, indecent, and obscene picture of appellant in the nude, showing her sexual parts, which photograph was seized by the officers in the search of appellant's residence.

Appellant insists that the search warrant was invalid because it was not issued for a purpose authorized by law; that it did not state the particular offense for which the implements were designed; that it authorized merely a search for evidentiary matter rather than implements of crime and the particular manner of acquisition of the property was not stated, as required by Art. 308, Vernon's Ann.C.C.P.

The warrant, which authorized the search of appellant's residence and seizure of certain lewd and indecent photographs alleged to be concealed therein, recited that complaint had been made by the affiants:

"* * * alleging that on or about the 27th. day of August A.D., 1961 * * * ¯Johnny Cork and Jan*ey* Cork did take or cause to be taken*ed* lewd and indecent photographs of Johnny Cork and Jan*cy* Cork and of another person who is known by the name of Ol*in* Welk and is d*i*scribed as a white male age_ sixteen * * * And * * that the said property is now concealed by Johnny Cork and Jan*ey* Cork in a private dwellin_ house situated in * * * which said Johnny Cork and Jan*ey* Cork occup*ies,* possess*es,* contro*ls* and *has* charge of * * *."

Art. 305, V.A.C.C.P., prescribes when a search warrant may issue, and in subdivision 1 provides that one may be issued:

"1. To discover property acquired by theft or in any other manner which makes its acquisition a penal offense."

Art. 307, V.A.C.C.P., provides:

"The word 'stolen,' as used in this title, is intended to embrace also the acquisition of property by any means made penal by the law of the State."

Art. 527, Vernon's Ann.P.C., which relates to acts involving obscene articles, objects, and materials, reads in part as follows:

"Section 1. Whoever shall knowingly photograph, act in, pose for, model for, print, sell, offer for sale, give away, exhibit, televise, publish, or offer to publish, or have in his possession or under his control, or otherwise distribute, make, display, or exhibit any obscene book, magazine, story, pamphlet, paper, writing, card, advertisement, circular,

**318**

print, pictures, photograph, motion picture film, image, cast, slide, figure, instrument, statue, drawing, phonograph record, mechanical recording, or presentation, or other article *which is obscene,* shall be fined not more than One Thousand Dollars ($1,000) nor imprisoned more than one (1) year in the county jail or both." (Emphasis supplied.)

Under this statute, Art. 527, supra, one who knowingly photographs, poses for, exhibits, or has in his possession or under his control an obscene picture or photograph is guilty of a penal offense.

The search warrant issued in the instant case for the search and seizure of obscene photographs, alleged to have been taken by appellant and her husband and by them concealed, was authorized.

The affidavit and the warrant, as above set out, clearly state the offense for which the photographs were designed and the manner of their acquisition by appellant. The photographs seized by the officers in the instant case, in addition to their evidentiary value, were clearly shown to be usable by appellant in committing the offense charged and were admissible. Cagle v. State, 147 Tex.Cr.R. 354, 180 S.W.2d 928.

Appellant's contention that State's Exhibit No. 1 should not have been admitted because it was not lewd or indecent and therefore not subject to search and seizure under the search warrant is not before us for review, as appellant made no objection to the exhibit on such ground. Likewise, appellant's contention that State's Exhibit No. 7 should not have been admitted because it was not identified by the minor at the trial is not before us, as no such objection was made in the trial court to the exhibit.

Finding the evidence sufficient to support the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.