Erwin Robert KLEIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 37378.

Court of Criminal Appeals of Texas.

Dec. 16, 1964.

No attorney of record on appeal, for appellant.

Henry Wade, Dist. Atty., Don Koons, Curtis Glover, Ross Teter and C. M. Turlington, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge

The offense is aggravated assault with a motor vehicle; the punishment, 1 year in jail and a fine of $800.

The evidence reflects that on March 9, 1963, between 7:30 and 8 P.M. the appellant pulled out of a Dairy Queen with two friends riding with him in his 1961 Impala Chevrolet. He was demonstrating his high speed equipment, 3 carburators, and four speed shift, when a patrol car approached them, turning on its red light and siren. The officers in the car testified at the trial that they followed the appellant throughout this chase at speeds up to 100 miles per hour for approximately 6½ miles and that this chase terminated in the accident which resulted in this criminal prosecution. The appellant ran the red light at the intersection of Kiest and Polk, which was shown by several by-standers, who were stopped at the intersection and observed the appellant's failure to stop for the red light.

The appellant crashed into a 1954 light blue Ford on the right front side, injuring the woman riding in the passenger side on the right.

The appellant, testifying in his own behalf, said that the reason that he tried to elude the police was because he was frightened, and " * * * I had had two or three moving violations before and I just got scared and panicked."

Mrs. Anna Lee Sprinkle, the injured party, testified that she received 4 broken ribs, a broken collar bone and a fractured knee and pelvis.

"Q: How did you go home when you left the hospital?

"A: Ambulance.

"Q: By ambulance, and did they put you to bed when you got home?

"A: Yes, I was in bed part-time.

"Q: All right, did you wear any sort of a corset or brace or anything?

"Mr. Miller: Your Honor. I hate to interrupt counsel, but I would like for the witness to do a little testifying; he is asking her if she did so and so and he is putting the words in the mouth of this witness, and we object to it.

"THE COURT: Try not to lead your witness.

"Q: Did you wear anything after all of that happened?

"A: I wore a corset and a knee cage and used braces and used a walker at the hospital.

"Q: Do you know how long you used those braces?

"A: The corset I wore three weeks after I was out of the hospital. When I was at home I could leave it off, but if I was in the car I would have to wear it.

"Q: Did you have to use crutches at any time?

"A: Yes, I used crutches until right after the first of June somewhere—I don't know the exact date but it was around the first of June.

"Mr. Martin: Your Honor, we make no contest or issue about injuries.

"Mr. Koons: Judge, I think the jury is entitled to know.

"THE COURT: All right, overrule your objection.

"Mr. Martin: This is not a civil suit, you know, to fix damages.

"THE COURT: I overrule the objection.

'Mr. Martin: Note our exception. We object to it on the ground it is an attempt to inflame the minds of the jury and it is irrelevant.

"Mr. Koons: Judge, we have an assault here and I think the jury should know about it.

"THE COURT: Let him finish his objection.

"Mr. Martin: He had negligence, he hasn't anything wilfull in this case.

"THE COURT: Overruled.

"Mr. Martin: Note our exception."

The only other testimony adduced after counsel's objection, was the question, unanswered, about what therapy she received.

 While counsel's objection, though rather general in nature, was probably good under our holdings excluding testimony as to the extent of injuries, the objection was not timely made. Error may not be, and is not preserved unless an objection is taken to the testimony at the time it is proffered.

No objections nor exceptions were taken to the Court's charge. There are no formal bills of exception. We have carefully examined the informal bills and none of them reflect error.

Appellant has not favored us with a brief.

 By motion to quash, appellant contends that the information is insufficient and states no violation against the laws of the state of Texas.

We have carefully examined the information and conclude that it is sufficient. Appellant's contention is without merit. 4 Branch Sec. 1762.1, page 144.

 No reversible error appearing, and the evidence being sufficient to support the verdict, the judgment is affirmed.