**Bobby Andrew WATKINS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40084.**

Court of Criminal Appeals of Texas.

Feb. 8, 1967.

---

Richard T. Churchill, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Charles Butts and R. J. Adcock, Asst. Dist. Attys., Fort Worth, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for burglary with two prior convictions of felonies less than capital alleged for enhancement; the punishment, life.

Notice of appeal was given on March 24, 1966.

The primary offense upon which this conviction rests is for the breaking and entering of a building in which a cafe was operated.

For reversal, the appellant contends that the trial court erred in admitting the testimony of Officer Beard that after his arrest of the appellant, the appellant told him at the scene that he had broken into the cafe.

The appellant urges that he objected to such statement on the ground it was an oral confession which was not taken in accordance with provisions of the statute applicable thereto. He further insists that the trial court again erred in refusing his motion to strike said statement from the record and instruct the jury not to consider it.

Following the testimony of two other officers who had followed Officer Beard to the witness stand and after the state, on the second day of the trial, had rested its case in chief, the appellant for the first time objected and moved to strike said testimony of Officer Beard, who had testified on the first day of the trial, and instruct the jury not to consider it.

Nothing appears from the record which prevented the timely objection of the appellant to the testimony complained of. In the absence of a timely objection, this ground has not been preserved for review.

It is insisted that the trial court erred in not discharging the defendant on the ground that he was held in jail without being taken before a magistrate and without counsel having been appointed to defend him.

The indictment was returned herein on November 2, 1965. Counsel was appointed to represent the appellant on November 5, 1965. The statement of facts reveals that appellant's counsel was present when appellant was arraigned on January 5, 1966; that before arraignment the appellant and counsel had previously conferred one time, and upon inquiry by the court stated that they had no motions or pleas to present. There is nothing in the record showing that an examining trial was held or when the appellant was first advised of his right to counsel. This is confirmed by the briefs by both parties. The trial on the merits was had on January 10 and 11, 1966.

The claimed failure to take the appellant before a magistrate and appoint him counsel, under the record, reveals no error.

The judgment is affirmed.