**Robert Lee JENKINS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43768.**

Court of Criminal Appeals of Texas.

June 9, 1971.

Rehearing Denied July 14, 1971.

Tim C. Curry, Fort Worth (court appointed), for appellant.

Frank Coffey, Dist. Atty., Jerry J. Loftin, George McManus, Roger Crampton and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault, enhanced under the provisions of Art. 62 of the Vernon's Ann. Penal Code; trial was before a jury and the court assessed the mandatory punishment of life.

The evidence viewed most favorably to the jury's verdict shows that while Artie R. Ewing, Jr., was stopped at a red light on Lancaster Road in Fort Worth on November 8, 1969, at about 10 p. m., the appellant, reaching through the open window, stuck a gun in Ewing's left temple and demanded his money, so Ewing gave the appellant his billfold. The appellant then drove the car to a different place where the appellant shot Ewing in the back and in the right arm and locked him in the trunk and drove off. Appellant later stopped the car, asked Ewing if he was still alive, and told Ewing

to get out of the trunk. Ewing ran off and while he was running the appellant shot him again in the arm, but he still managed to escape.

The appellant's first ground of error challenges the testimony of two police officers pertaining to fingerprints taken from an automobile, alleging that the State failed to prove that the automobile in question belonged to the injured party.

Officer J. W. Burkhart of the Fort Worth Police Department testified that on the night in question he took some fingerprints off a 1967 red Chevrolet that was located near the Glass Key night club, but that he did not know who was the owner of the vehicle.[1]

Officer F. M. Alexander, identification officer for the Fort Worth Police Department, took some fingerprints of the appellant,[2] and based on a comparison between the two sets of prints, testified that they were taken from the same man.

Ewing had testified that he was driving a 1967 Chevelle Malibu, a Chevrolet, and that he had last seen it near the Glass Key night club when he ran from appellant.

Counsel for the appellant objected to the admission of State's Exhibit One into evidence, at the time of its introduction, solely on the ground that writing on the side of the exhibit constituted hearsay. Counsel objected to Alexander's testimony solely on the ground that he had not been qualified as an expert to compare the two sets of fingerprints. It was only after the State had rested that counsel for the appellant moved that, "the court withdraw State's Exhibit One from the jury on the ground that the State had failed to prove the chain of evidence from the crime lab to the police department. The State failed to prove that State's Exhibit One is, in fact, the same set of prints that was taken from the 1967 Chevrolet which arrived at the Police Department."

When this evidence was admitted, "No objection on the ground now urged was made and called to the trial court's attention and thus no error is presented for appellate review." Hulin v. State, Tex. Cr.App., 438 S.W.2d 551; Guajardo v. State, 168 Tex.Cr.R. 503, 329 S.W.2d 878; Cork v. State, Tex.Cr.App., 362 S.W.2d 314; Cork v. State, Tex.Cr.App., 362 S.W. 2d 316.

And the motion to withdraw State's Exhibit One from the jury came too late to preserve any alleged error since it was made after the exhibit had been admitted and after the State had rested its case. Klein v. State, Tex.Cr.App., 384 S.W.2d 872; Fernandez v. State, 158 Tex.Cr.R. 266, 254 S.W.2d 1004.

The appellant's first ground of error is overruled.

The appellant's second ground of error complains that there was written material on State's Exhibit One which constituted hearsay. The notation was as follows:     "Shooting
900 Luella
11–8–69      11:55 p
Victim: Artie R.
Ewing Jr.
J. W. Burkhart      599
Red  67 Chev      2 Dr.
DZY 708
#1 & #2 from outside,
Rt door glass #3 from
inside rt. vent glass"

It appears that the writing complained of consists of a notation as to the place, date, time, victim, the officer's name, and a description of the automobile and the location of the automobile from which the fingerprints were taken. There was no notation on the card which connected or would tend to connect the appellant with the offense charged. "The notations were means of identification of the exhibits and nothing

---

1. They were introduced as State's Exhibit One.

2. Introduced as State's Exhibit Two.

of an evidentiary nature was presented to the jury which was not otherwise properly before them." Ragland v. State, Tex.Cr. App., 391 S.W.2d 418; Ellison v. State, 154 Tex.Cr.R. 448, 227 S.W.2d 817.

The appellant's second ground of error is overruled.

 The appellant's third ground of error complains of State's Exhibit One because the State failed to prove the chain of custody from the time the exhibit was recovered by the police officers until the time it reached the court. Objections were not timely made to the exhibit on these grounds, as explained in the discussion of appellant's first ground of error. See also: Watkins v. State, Tex.Cr.App., 411 S.W.2d 364.

The appellant's third ground of error is overruled.

Lastly, the appellant complains of Burkhart's testimony "because the State failed to comply with the defendant's request to furnish him with a list of all the witnesses the State expected to use."

The record reflects that when Burkhart took the stand, the appellant objected to his testimony for the reasons stated in the ground of error. Following this objection, the jury was excused and the attorneys argued over what the State's attorneys furnished to the defense attorneys and whether this witness's name was on the list. The court overruled the objection.

Art. 20.20 of the Vernon's Ann. Code of Criminal Procedure provides that the attorney for the State shall endorse on the indictment the names of the witnesses upon whose testimony it was found. Such endorsement can be compelled by motion, but the testimony of a witness will not be excluded because his name is not on the indictment. Mullins v. State, Tex.Cr.App., 425 S.W.2d 354. The statutory provision that the names of the witnesses upon whose testimony the indictment is found shall be endorsed thereon is directory and not man-

datory. Hackathorn v. State, Tex.Cr.App., 422 S.W.2d 920.

No motion to compel the State to so endorse the names of the witnesses or to furnish them to the appellant's attorneys is in the record and although it appears from the discussion outside the presence of the jury that a list was furnished, that list is not in the record and the contents thereof are unknown.

Since no motion was made, no error is shown, and the appellant's fourth ground of error is overruled.

There being no reversible error, the judgment is affirmed.