**James Earl PITTS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44649.**

Court of Criminal Appeals of Texas.

March 8, 1972.

Melvyn Carson Bruder, Dallas (on appeal by appointment), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Henry J. Schulz, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for burglary. Punishment was assessed by the jury at twelve years.

The record reflects that on April 14, 1969, one Harvey Evans was in the backyard of his home in Dallas, when he heard the sound of glass breaking and, thereafter, observed a man entering the house of a neighbor, W. M. Starks. The police were notified by Evans, and upon their arrival, officers found appellant hiding in a closet of Stark's house. A fifteen year old female companion of appellant was apprehended in a back room of the house. A blanket was found on the floor with several articles thereon, including a television set.

The sufficiency of the evidence is not challenged.

At the outset, appellant complains that the State was guilty of bad faith in offering into evidence the arrest report made out by a police officer who was not called to testify.

During the testimony of Officer McDonald, of the Dallas Police Department, the following occurred:

"BY MR. ROBERTSON (Appellant's Counsel):

"Q Officer, did you happen to bring your beef sheet or your report sheet to this court with you?

"A No sir."

\* , \* \* \* \* \*

"Q Did you make any notes in connection with this case?

"A Yes sir, I believe I did; they'd be in my notebook.

"Q Where is your notebook?

"A In my uniform at the substation.

"MR. STAUFFER: If I may interrupt, we have the report that has been furnished to us by the City of Dallas Police Department and we would be glad to make it available to Counsel if that's what he wants.

"MR. ROBERTSON: I'd like to see it, Your Honor.

"MR. STAUFFER: We'll be glad to and we'll offer it in evidence if Counsel has no objection, and let the jury see it.

"Q Officer, did you have an occasion to have this report made up?

"A No sir.

"Q Did you have some other kind of report made up?

"A Yes sir, I did.

"Q And that report is at the substation, is that right?

"A The official arrest report which I filled out on the female that was apprehended in the same house are on file at the downtown central station in the basement. The only notes that I have, I believe, are in a little pocket notebook that I have, the location, the date and the two subjects' names and probably the charge."

\* \* \* \* \* \*

"MR. ROBERTSON: That's all the questions I have.

"MR. STAUFFER: We have nothing more from Officer McDonald. Do you want to put this in evidence before the jury?

"MR. ROBERTSON: It's fine with me.

"THE COURT: Both of you come up here, please.

"(A brief conference was had between Court and Counsel out of the hearing of the jury.) [1]

"MR. ROBERTSON: Your Honor, we would like to object to Mr. Stauffer's comment about the beef sheet.

"THE COURT: Well, it's in the record; go ahead."

■ Appellant's only objection in the trial court was " * * * we would like to object to Mr. Stauffer's comment about the beef sheet." No objection was made to the introduction of an arrest report, appellant's only complaint being relative to Mr. Stauffer's comment about same. Absent an objection to the introduction of the report in the trial court, nothing is presented for review with respect to the report having been received into evidence. Parsley v. State, Tex.Cr.App., 453 S.W.2d 475; Garcia v. State, Tex.Cr.App., 440 S.W.2d 295.

■ Further, appellant complains on appeal of the State offering an arrest report into evidence, whereas, appellant's objection in the trial court was made to a comment about same. In Jenkins v. State, Tex.Cr.App., 468 S.W.2d 432, this Court held where no objection on the ground urged on appeal was made and called to the trial court's attention, nothing is presented for appellate review. See Hulin v. State, Tex.Cr.App., 438 S.W.2d 551; Cork v. State, Tex.Cr.App., 362 S.W.2d 314. No error is shown.

Appellant contends the court erred in overruling his objection to a question which was prejudicial and constituted an erroneous statement of the law. Further, appellant complains that the State was guilty of bad faith in asking such question.

The fifteen year old girl who was found in the house with appellant at the time in question was asked by the State, "Your being fifteen, you understand that you can't be prosecuted for breaking and entering this house, don't you." The witness's reply was, "Yes sir." On direct examination, the witness had testified that she, not appellant, had broken into the house and that appellant had tried to persuade her against such action.

■ It is well settled that great latitude is allowed on cross-examination when its purpose is to bring out facts which will give to the jury the attitude, motive, and interest which may be affecting the testimony of the witness. Blake v. State, Tex. Cr.App., 365 S.W.2d 795.

■ While the statement embodied in the question by the State "that you can't be prosecuted" may have been a misstatement of the law, the answer of the witness reflected that she was of such opinion. Although not married, she had testified that she had been living with appellant, and the apparent belief that she could not be prosecuted for the offense is a possible motive for assuming blame for the burglary.

Further, appellant never stated a basis for his objection. After making a general objection, the court asked counsel for appellant why he was objecting. The reply to the court's inquiry was "She being too young to be accused of anything." In the recent case of Russell v. State, Tex.Cr.App., 468 S.W.2d 373, 374, this Court said, "It is a long established rule that an objection to admission of evidence must be specific and must state the grounds of the objection or the same will not be considered." Appellant's objection to the question was merely a partial restatement of the question and no grounds for the objection were stated. No error is shown.

■ Appellant contends that the State was guilty of improper conduct in making prejudicial and inflammatory arguments during the guilt stage of the trial.

1. It does not appear that the report was actually introduced. At least it is not a part of the record on appeal.

In his brief, appellant cites a number of pages in the record where he states prejudicial and inflammatory arguments by the State will be found.

Article 40.09, Sec. 9, Vernon's Ann.C. C.P., provides that the brief shall set forth separately each error complained of on appeal, and each ground shall refer to the ruling of the court in such a way that the point of objection can clearly be identified and understood by the court. The arguments complained of are not set out separately and are not properly before us for review.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.