**STATE of Missouri, Respondent,**

v.

**Charles ELAM, Appellant.**

**No. 56632.**

Supreme Court of Missouri,
Division No. 1.

Sept. 11, 1972.

Motion for Rehearing or to Transfer to
Court En Banc Denied
Oct. 9, 1972.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Gillette F. Wright, St. Louis, for appellant.

HIGGINS, Commissioner.

Charles Elam, with prior felony conviction, was convicted by a jury of robbery, first degree, by means of a dangerous and deadly weapon, and the court assessed his punishment at 10 years' imprisonment. Sentence and judgment were rendered accordingly. §§ 556.280, 560.120, 560.135, V.A.M.S.

Appellant attacks the sufficiency of evidence, contending: I. That the evidence failed to establish that a robbery had been committed because there was not sufficient evidence to establish a taking by defendant of another's property, State v. Conway, 351 Mo. 126, 171 S.W.2d 677; State v. Pippin, 327 Mo. 299, 36 S.W.2d 914; State v. Davis, 337 Mo. 404, 84 S.W.2d 633; State v. Matticker, Mo., 22 S.W.2d 647; and II. That the state's evidence created a reasonable doubt that defendant was one of the assailants, Cooper v. United States, 94 U.S.App.D.C. 343, 218 F.2d 39; State v. Matticker, supra; Smith v. State, 165 Tex.Cr.R. 445, 308 S.W.2d 516.

A jury reasonably could find: At 1:30 a. m., June 4, 1970, George Hardiman, aged 61, was at 1900 Blair Avenue, St. Louis, Missouri. He had $2.00 in his right trouser pocket, 80¢ in his left trouser pocket, and 30¢ in his billfold. He was "jumped" by two or three men who struck, beat, and stabbed him, the wounds being severe enough to require emergency treatment including stitches. During the course of the assault, the victim's trousers pocket was torn, and examination of his trousers at the hospital revealed the two dollars and the wallet to be missing. Also during the assault, a police car and two officers arrived and they saw two assailants flee on foot. The police pursued the fleeing assailants, apprehended defendant and returned him to the scene of the robbery where he was identified by the victim as one of the assailants. Immediately upon their arrival, the officers were told by the victim that "those two just robbed me." When the officers caught defendant, he attempted to fight and he was subdued by a nightstick. When returned to the scene, defendant was identified by a spontaneous statement of the victim. The officers did not see or find the knife and the other assailant was not apprehended.

Defendant testified in his own behalf. He had been released from the penitentiary after service of an armed robbery sentence only three days before this robbery. A former inmate associate gave him a welcoming party and he was en route home when he saw three men attack Mr. Hardiman. He at first ran upon seeing the robbery in progress but then stopped because he thought one of the assailants might have a pistol. When the police car arrived he did run, they chased him, subdued him, and returned him to the scene. He denied participation in the robbery and assault.

Clothing worn by the victim and defendant was in evidence, the idea being to show that defendant was never close to the robbery because his clothes were free of blood while the victim's were quite bloodied.

The thrust of appellant's argument on Point I is that the discovery of the missing two dollars is too remote in time to support an inference that defendant had anything to do with taking the money.

■ The statement demonstrates evidence from which the jury reasonably could infer that Mr. Hardiman had the two dollars on his person at the time he was assaulted; that his assailants were "all over him"; that his billfold was taken during the course of the assault; that his trousers pocket was torn; that the robbers ran and only one was apprehended. True, the particular loss was not ascertained until some two hours after the assault; but the nature of the attack, the loss of the billfold, the torn trousers, the flight, and the subsequent determination constitute substantial evidence from which to infer a robbery of two dollars from Mr. Hardiman by defendant or his coparticipant.

The trust of appellant's second point emphasizes the condition of clothing worn by the victim and the defendant. He argues that since the victim's clothes were quite bloody and his were nearly spotless, the state, by placing the clothing in evidence, proved that the defendant could have been nothing more than a bystander. However, defendant was positively identified by the police officers who observed the robbery in progress as one of the participants in the robbery; and the credibility of their testimony was for the jury to determine in light of what doubts the condition of clothing may have cast.

■■ Appellant contends also that the court erred in failing to give an instruction on circumstantial evidence. This contention is premised on an assumption that the case was made entirely on circumstantial evidence. However, there was direct evidence from the victim and the police officers that defendant was one of the robbers; and a circumstantial evidence instruction is required only if all the evidence is circumstantial. State v. Selman, Mo., 433 S.W.2d 572.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.