**STATE of Missouri, Plaintiff-Respondent,**

v.

**Walter Floyd LITTLE, Defendant-Appellant.**

**No. 34559.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 30, 1973.

Frederick R. Buckles, Public Defender Bureau, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Richard G. Altobelli, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

The issue in this burglary case is whether the court erred in failing to give a circumstantial evidence instruction proffered by the defendant. We conclude that the court did not err, and affirm the judgment.

The defendant, Walter Floyd Little, in the company of his cousin, walked to the front door of a house. After no one responded to their knocking on the front door, they walked around to the rear. A neighbor who had witnessed this episode then heard a loud noise coming from the rear of the house. Police were notified. When they came to the rear, they found Little's cousin coming out of the basement with a piece of metal in his hand. One of the policemen entering the basement apprehended the defendant in the basement where he had hidden. The basement door was cracked and splintered, and the jamb on the basement door was broken. By his testimony, defendant Little explained that his presence in the basement was the result of his attempt to see a young lady whom he had met the night before. He recounted that this young lady had given him the address of this house, and that he had called with his cousin for a visit. When there was no response to their knocks on the front door, he went to the rear of the house where he noticed the basement door was open. He went into the basement and called out but no one answered, and he started to leave. It was then that he saw the officer with his pistol drawn, and because he was afraid of the gun, he retreated further into the basement to hide. Once the officer came into the basement, defendant stepped into the officer's view with his hands raised.

At the conclusion of the evidence the defendant tendered a "circumstantial evidence" instruction in the customary form repeatedly approved in Missouri. State v. Holt, 434 S.W.2d 576, 579 [2] (Mo.1968); State v. Craig, 406 S.W.2d 618, 621 [2] (Mo.1966). This tender was refused by the court and the instruction was not given.

An instruction on circumstantial evidence is required to be given only in cases based entirely upon circumstantial evidence. State v. Elam, 485 S.W.2d 100, 102 [3] (Mo.1972). If the evidence bearing upon the defendant's guilt, and implicating him in the crime is partially direct, it is not incumbent upon the trial court to give a circumstantial evidence instruction. State v. Stevens, 467 S.W.2d 10, 25 [23] (Mo.1971).

The elements of second degree burglary involving a dwelling are the (1) breaking and (2) entering of a dwelling house with the (3) intent to commit a felony or to steal therein. State v. Sallee, 436 S.W.2d 246, 251 [5] (Mo.1969).

Here defendant was apprehended by an officer in the basement of the dwelling. This constitutes direct evidence of the fact that the defendant entered the victim's home. The defendant himself admitted that he entered the basement, although for a different reason than to steal. An admission by the accused is direct evidence. State v. Stevens, *supra*, 467 S.W.2d 10, 25 [24] (Mo.1971). His intent or motive in entering was a question of fact to be resolved by the jury. Such direct evidence as to the element of "entry" grants the court discretion in giving or refusing the requested instruction on circumstantial evidence.

The facts in this case are entirely different from those in State v. Regazzi, 379 S.W.2d 575 (Mo.1964); and State v. Michael, 361 S.W.2d 664 (Mo.1962), which are relied upon by the defendant. In the first case, the defendant was seen carrying

a basket containing stolen items as he was walking up the driveway of the basement of the building, and in the second case, defendant was seen running from the side door of the burglarized building. In neither case was the defendant found inside the building; and in neither case does there appear to be an admission by defendant that he was in the building.

Finding no error, the judgment is affirmed.

DOWD, C. J., and SIMEONE, J., concur.