David Lee JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 50675.

Court of Criminal Appeals of Texas.

Dec. 10, 1975.

Michael A. McDougal, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and Richard Worthy, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of burglary of a building with intent to commit theft. See V.T.C.A. Penal Code Sec. 30.02. Punishment was assessed by the court at twelve years.

In his only ground of error, appellant complains of the refusal of the court, over objection, to include in his charge to the jury at the guilt stage instructions on the law of circumstantial evidence. We find such refusal to be prejudicial error, and reverse the judgment.

The record reflects that at sometime between 6:00 p. m. and 10:00 p. m. on March 28, 1974, the service station of Carl Jones in Dallas was burglarized, and thirty cartons of cigarettes were stolen. The building had been locked by employee Greg Robbins between 5:00 and 6:00 p. m., and the fact of the burglary was discovered by Police Officer Knighten sometime between 10:00 p. m. and 11:00 p. m. Knighten, while on patrol, noticed that a window had been removed from the street side of the building. A piece of window glass constituting about ¾ of the window pane, identified as a part of the window of the building, was found along an adjacent sidewalk behind a "dumpster." Greg Robbins testified that the window had been in its proper place and condition when he locked the building that afternoon, and owner Jones testified that on that same day he had thoroughly cleaned the inside portion of the glass with a special cleanser prepared by his company.

Appellant did not testify, and placed no witnesses on the stand. There is no evidence as to his having been in the vicinity of the service station on the day of the burglary, and he was not in anyway shown to have had possession of or any connection with the stolen property. No admissions of his are in evidence. The only evidence connecting appellant with this burglary were six of his fingerprints found on the piece of window glass which was lying behind the dumpster as above stated. Expert testimony was introduced to show that these fingerprints were on the side of the glass which would have been on the inside of the building. Jones testified that on at least one occasion, several days before this burglary occurred, appellant had been in the station to buy cigarettes, but that the window had been wiped and cleaned several times thereafter.

In *Reed v. State*, Tex.Cr.App., 516 S.W.2d 680 at p. 683, we quoted with approval from *Hearn v. State*, Tex.Cr.App., 483 S.W.2d 461, an excerpt from *Grice v. State*, 142 Tex.Cr.R. 4, 151 S.W.2d 211 as follows:

" ' "Our investigation leads us to conclude that where the evidence, as here, shows the fingerprint found at the scene of the crime was left there by the criminal at the time the crime was committed, thereby excluding the hypothesis that it might have been placed there innocently prior to or subsequent to the commission of the crime, and the evidence further shows that said print is identical with known prints of accused, that such evidence satisfied the law and excludes every reasonably hypothesis save guilt of the accused." ' "

Following that quotation, in speaking of the factual situation in the case, we said in *Reed* :

"The evidence establishes that the fingerprints of appellant found on the stolen television set and especially the prints on the vase inside the house must have necessarily been made at the time of the burglary. Under the circumstances, a charge on circumstantial evidence was not required. *Hearn v. State*, supra; *Galvan v. State*, Tex.Cr.App., 461 S.W.2d 396. Cf. *Eiland v. State*, Tex.Cr.App., 509 S.W.2d 596; *Dues v. State*, Tex.Cr. App., 456 S.W.2d 116."

In the instant case, the evidence shows that the offense occurred between the hours of 6:00 p. m. and 10:00 or 11:00 p. m. The piece of glass on which appellant's fingerprints were located was found in the street close to the service station, where so far as the record reflects it may have lain for several hours before being found by the officer. The record fails to establish that the prints were necessarily made by the burglar at the time of the burglary. See *Dues v. State*, supra.

Under the facts of this case, a charge on circumstantial evidence should have been given. In failing to so charge, after written request had been timely made, the court committed reversible error. *Casey v. State,* Tex.Cr.App., 523 S.W.2d 658; *Powell v. State,* Tex.Cr.App., 494 S.W.2d 575.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.