438

**Donald Ray WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0011–CR.**

Court of Appeals of Texas,
Tyler.

Jan. 27, 1983.

Writ Refused Supreme Court
May 25, 1983.

James N. Johnson, Tyler, for appellant.

Hunter B. Brush, Tyler, for appellee.

COLLEY, Justice.

Appellant was convicted by a jury of burglary of a building on his plea of not guilty. The State alleged two previous final felony convictions against the defendant and, based on the jury's findings of true to each allegation, the trial court assessed punishment at life imprisonment pursuant to the provisions of Section 12.42(d), V.T.C.A., Penal Code.

Appellant urges three grounds of error. His first ground asserts that the trial court erred in overruling his motion for instructed verdict made after the State rested its case in chief, because the evidence is insufficient to sustain the conviction.

Sometime during the period of time from Friday, July 4, 1980, and the early morning hours of Monday, July 7, 1980, the kitchen and cafeteria areas of Dogan Middle School,

Tyler Independent School District, were burglarized and various canned goods, flour, sugar and other food stuffs, as well as a cash register and other personal property, were stolen. The break-in was discovered by a custodian who notified O.W. McAfee (McAfee), principal of the school. Subsequently the police were called and Officers Bobby Vaness and Randy Melton made an inspection of the scene. Melton, an identification officer of the Tyler Police Department with over five years experience in crime scene investigations, lifted a number of fingerprints from a plexiglass pane which had been removed from a kitchen window. The pane was found leaning against the outside wall of the kitchen in an open area. It was positively identified as the glass removed from the window. Melton testified that he found opposing fingerprints on the "inside" and "outside" of the pane. The pane of glass had been removed from the window frame by pulling it out from a "soft material" (presumably putty or caulking) which held it in place in the window frame. Melton testified that he lifted the fingerprints from the "top edge" of the plexiglass pane, in other words from that portion of the glass covered by the "soft material" when the pane was in place in the window frame. Melton further testified that in his opinion the prints were made by the person who removed the glass from the frame at the time of the burglary. No identifiable prints were lifted from any interior surface in the kitchen area.

Lieutenant Doug Collard, supervisor of the Identification Division of the Tyler Police Department and a thirteen year veteran police officer with six years experience in crime scene investigations and identification work, identified a number of prints found on the "inside" and "outside" surfaces of the glass pane as those of the appellant. Such identification was made by a comparison of the "lifted" latent prints with known fingerprints of the appellant taken by the witness. No other evidence was introduced by the State tending to connect the appellant with the burglary. The appellant did not testify.

Appellant argues under his first ground that the fingerprint evidence at most only placed him at the scene of the crime and that that fact alone is not sufficient to sustain the conviction. He further argues that the evidence only suggests a probability or strong suspicion that the appellant committed the burglary, and therefore the evidence did not exclude every reasonable hypothesis, save appellant's guilt, citing *Smith v. State*, 165 Tex.Cr.R. 445, 308 S.W.2d 516 (Tex.Cr.App.1958). We agree with appellant that the rule in circumstantial evidence cases is stated in *Smith*. A reading of that opinion reveals, however, that the Court of Criminal Appeals concluded from its review of the evidence that no testimony ever placed Smith at the scene of the robbery for which he was on trial. *Smith* does not apply here. Appellant further argues that the Court of Criminal Appeals' decision in *Johnson v. State*, 530 S.W.2d 321 (Tex.Cr.App.1975), supports his contention that the facts and circumstances proved by the State in this case were not sufficient to support the conviction. We see no need to compare the facts in *Johnson* to our facts here. The court in *Johnson* reversed the conviction because the trial court refused to charge the jury on the law of circumstantial evidence, hence the case is not in point.

■ In the case before us a circumstantial evidence charge was given, and we are squarely presented with the question: Do the facts and circumstances proved by the State in this case exclude the hypothesis that the appellant's fingerprints were placed on the glass pane ". . . innocently prior to or subsequent to the commission of the crime. . . ."? *Grice v. State*, 142 Tex.Cr.R. 4, 151 S.W.2d 211 (Tex.Cr.App.1941). Or stated another way, does the proof show that the fingerprints of the appellant must have been made at the time of the commission of the burglary of the school building? The facts in this case also show that the appellant was unknown to the principal of the school and that he was not a student at the school. Based on our analysis of the facts in this case we conclude that the evidence showing the number and location of

appellant's fingerprints on the glass pane removed from the kitchen window through which entry was made is sufficient identification, standing alone, to support the conviction, that is, such proof shows that the prints were necessarily made at the time the commission of the burglary and exclude every reasonable hypothesis other than appellant's guilt. Ground No. 1 is overruled. *Mann v. State,* 420 S.W.2d 614 (Tex.Cr.App. 1967); *Grice v. State, supra.*

■ By his second ground appellant claims the trial court erred in admitting the evidence of an extraneous offense without proof that appellant participated therein. The language of this ground is general but in resorting to appellant's argument we conclude the ground to urge that evidence was admitted showing that the school building had been entered in two different locations, one in the kitchen area and another in the cafeteria area adjacent to the kitchen but separated on the inside by a locked door. The record reflects that State's witness McAfee, following his testimony respecting the entry made into the kitchen area of the school building, testified without objection that a window in the cafeteria had been pushed out or broken open and the door to the cafeteria opened. Various items of property were removed therefrom. Later during direct examination of the witness he was asked, "So we are really talking about then two separate entries, aren't we; one entry into the kitchen, and one entry into the cafeteria, is that correct?." The witness replied "yes" to both questions. Thereupon appellant then moved for a mistrial, which was denied, saying in support thereof "there appears to be two separate offenses here that has [sic] been charged in a single indictment." Thereafter during appellant's cross-examination of McAfee, defense counsel elicited the facts that two entries were made into the school building, and that such break-ins might have occurred during a two- to three-day period from July 4 through July 7, 1980, and that two ceiling fans were taken from the cafeteria area. Appellant also argues that the trial court committed error in admitting into evidence State's Exhibit No. 4 which

was a photograph of the broken window in the cafeteria area over his objection that the same was not relevant to the "... burglary of the kitchen." Thus the record clearly demonstrates that not only did the appellant fail to urge any timely objection to the testimony of McAfee concerning the entry into the cafeteria area, and the theft of property therefrom, but in fact, on his cross-examination of the same witness elicited the same information and facts, i.e., that two entries were made into the school building and two ceiling fans removed from the cafeteria area. Under the record we conclude that the appellant has waived the errors, if any, resulting from the introduction of State's Exhibit No. 4, and the testimony given by McAfee respecting the entry made into the cafeteria area school building. The ground of error is general in that the appellant argues several grounds in his brief relating thereto. Therefore such ground is not presented in accordance with the provisions of Subdivision 9 of Article 40.09, V.A.C.C.P., *Wilson v. State,* 581 S.W.2d 661 (Tex.Cr.App.1979); and while we have commented on the same it is not reviewable by us, but in any event we have held that the errors, if any, complained of have been waived. *Watkins v. State,* 411 S.W.2d 364 (Tex.Cr.App.1967); *Graham v. State,* 546 S.W.2d 605 (Tex.Cr.App.1977).

■ The ground of error set forth in appellant's brief which asserts that the trial court erred in denying his motion for mistrial presents nothing for review since the objection urged at trial is not the same as that urged on appeal. *Cork v. State,* 362 S.W.2d 314 (Tex.Cr.App.1962); *Hulin v. State,* 438 S.W.2d 551 (Tex.Cr.App.1969); *Bouchillon v. State,* 540 S.W.2d 319 (Tex.Cr. App.1976). However, the record shows that the indictment charged the appellant with one offense only, to-wit:

> ... that on or about the 6th day of July 1980, and anterior to the presentment of this indictment, in the county and state aforesaid Donald Ray Walker did then and there intentionally and knowingly enter a building not then open to the

public, without the effective consent of O.W. McAfee, the owner thereof, with intent to commit theft . . . .

The ground of appellant's motion for mistrial, even if true, would avail appellant nothing because under the provisions of Article 21.24, V.A.C.C.P., and Sections 3.01 and 3.02(a), V.T.C.A., Penal Code, more than one offense of burglary could have been joined in the indictment in this case. However such is not the case here.

If we assume (without deciding) as appellant urges us to do that the entry into the school cafeteria constituted a separate offense of burglary and thus extraneous to the offense for which the appellant was on trial, any errors in the admission of evidence of such extraneous offense by the court have been clearly waived as we have earlier noted above.

■ Appellant's third ground of error reads: "It was reversible error for the trial court to overrule appellant's timely objection to the prosecutor's prejudicial jury argument at the guilt/innocence stage which injected harmful unsworn testimony before the jury."

The objection made at trial was: "Your Honor, we object to the implication that the defendant does not have an expectation of innocence."

The ground of error complains of the trial court's action on different grounds than those encompassed by the appellant's objection at trial. No error is presented for review by this court. *Hulin v. State, supra.* Third ground is overruled.

The judgment of the trial court is affirmed.