JOHNNIE SAYLES, ALIAS RED CARTER V. THE STATE.

No. 8954.    Delivered June 24, 1925.

Rehearing Denied October 14, 1925.

1.—Murder—Bill of Exception—Incomplete—Not Considered.

There are four bills of exceptions in this record, complaining of the introduction of evidence, none of which can be considered. because incomplete.    The rule is well settled that a bill of exception must show sufficient facts, or in the event the facts are not fully set out in the bill, then reference must be made to particular portions of the statement of facts, to enable this court to determine, either from the bill or the bill and reference to the statement of facts that an error has been committed.

2.—Same—Arrest of Judgment—Motion For—Practice.

Where a motion in arrest of judgment is presented, and evidence of witnesses heard in support of the motion, and their testimony sought to be preserved in same, such bill must be filed before adjournment of court, or it will not be considered on appeal.

ON REHEARING.

3.—Same.

In his motion for rehearing, appellant urges·as to consider his bills of exception which our original opinion holds are incomplete.   A careful examination of those bills do not disclose any error, if considered, which would authorize a reversal of the cause, and the motion for rehearing, is overruled.

Appeal from the District Court of Upshur County.   Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction of murder; penalty, ninety-nine years in the state penitentiary.

*M. B. Briggs,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Upshur County for the offense of murdering his wife, and his punishment assessed at confinement in the penitentiary for a term of ninty-nine years.

There are four bills of exception in the record complaining at the introduction of testimony by the state; none of these bills do more than to set out the testimony objected to and in a general way the objection that was made thereto.   The bills are wholly insufficient to show any error; there are no facts stated which would enable this court to determine whether the testimony was admissible or not. As illustrative, we quote bill No. 2 in full:

"Be it remembered that upon the trial of the above cause the following proceedings was had; while Maydee Nichols was on the witness stand testifying for the state, she was permitted over the objection of the defendant to testify as follows: 'The defendant came up to the car and said "uncle Jess" Jess said "Huh" he said how many years did you say your brother had put up in the pen?" he (Jes) said hell, he hasent put them up, he is putting up twenty-five:" he said "well I can put up as many years in the pen as your brother is putting up; my husband said Red, you crazy son-of-a-bitch, you better not kill that woman, if you do they are going to send you to the pen or break your neck.

The above testimony was objected to at the time because it is hearsay, illegal and prejudicial to the defendant's rights which objections were overruled and defendant took a bill of exception No. 2 and asks that same be examined and approved and ordered filed as a part of the record in said cause."

A mere recital of this bill will disclose that it furnishes this court with no information that would enable it to determine the questions sought to be raised. The rule is well settled in this state that a bill of exceptions must show sufficient facts, or in the event the facts are not fully set out in the bill, then reference must be made to particular portions of the statement of facts to enable this court to determine from either the bill or the bill and reference that an error has been committed.

Bill of exceptions No. 5 complains at the court's action in overruling appellant's motion in arrest of judgment. The bill discloses that many witnesses were heard on this question and their testimony sought to be preserved in the bill. The bill of exceptions was not filed during the term of court at which the case was tried and for that reason cannot be considered.

We have carefully examined the record in the case and it is our opinion that the appellant has been accorded a fair and impartial trial and that the facts are entirely sufficient to support the judgment; and so believing, it is our opinion that the case should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant shot and killed his wife, Martha Sayles. According to his testimony, at a public meeting, he heard a conversation between his wife and one Parker which indicated that they were making an assignation. After leaving the church

where the gathering took place, and seeing his wife in company with Parker, he killed her while firing at Parker. From the State's testimony, it appears that the appellant, in advance, had threatened to kill his wife; that at the time she was killed, she was not in company with Parker. The evidence supports the conclusion that he shot her intentionally. This appears from her dying declaration, as well as from the testimony of eye witnesses who said that after shooting her once, he shot her again while she was protesting and begging that her life be spared.

As stated in the original opinion, the bills of exception are incomplete in failing to give the surrounding facts. However, if considered for their full worth, we are of the opinion that they reveal no error. The first bill deals with the conversation between the appellant and the witness Jess Nichols. It appears from the bill that the appellant said to Nichols: I am going to kill Martha if she don't live with me.'' Nichols replied: ''I have a half-brother in the pen for twenty-five years for acting a fool, and if you kill that woman they will break your neck.'' Appellant reiterated the statement that he was going to kill her.

The second bill of exceptions, as set out in the original opinion, relates to the same transaction between appellant and the witness Nichols in which the appellant threatened to kill his wife, a threat which was executed a very short time after it was made.

Bill No. 3, relates to the cross-examination of the witness Reynolds who was introduced as a character witness in behalf of the appellant. The bill gives no such information as will enable us to appraise its merits. We have looked at the statement of facts, however, but from the information there contained, nothing is revealed which would warrant a reversal of the judgment. Reynolds was called to testify to the good character of the appellant and to the bad reputation of Parker. He failed to testify to either, but in the cross-examination, State's counsel asked him some questions, which were not proper, relating to misconduct of the appellant. All of these he answered in the negative. Appellant elicited from him no beneficial testimony; nor did the State obtain from him any testimony against the appellant.

Bill No. 4. complains of the testimony elicited from the witness J. D. Williams who, on behalf of the State, gave evidence against the reputation of the appellant as a peaceable, law-abiding citizen. Appellant, upon cross-examination, developed from the witness the fact that appellant, some years before, had burned an old house belonging to the witness from which no prosecution was established. This testimony, if irrelevant, having been drawn out by the appellant, he was not in a position to complain of it.

In his motion for rehearing appellant attempts to call in review the action of the court in refusing to sustain the motion in arrest of judg-

ment. This motion raised some questions of fact touching alleged discrimination in drawing the grand jury which found the indictment against the appellant. The motion is not verified by either affidavit or evidence.

The motion for rehearing is overruled.

*Overruled.*