## LUCIAN B. BELL V. STATE

No. 27,193.   December 1, 1954

No attorney for appellant of record on appeal.

*Henry Wade,* Criminal District Attorney, *Frank Brown,* and *Charles S. Potts,* Assistants District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving a motor vehicle upon a public highway while intoxicated; the punishment, 30 days in jail and a fine of $50.

Earl John Baldwin testified in substance: that he was driving his car southward on Kiest Boulevard in Dallas; that appellant, driving west on Southerland Street, failed to stop at a stop sign at the intersection of said street with Kiest Boulevard and struck the Baldwin car, then backed up and again drove his car into Baldwin's car.

A Mr. Allen and a woman occupied the front seat of appellant's car also, and a Mr. Clark was riding in the back seat.

After the collision, Allen took the wheel and attempted to drive off, and the witness Baldwin held on and attempted to turn off the ignition but Allen presented a pistol and threatened to shoot him.

Appellant in some manner fell or got partly out of the car on the opposite side from the driver and was dragged for some distance while Allen was attempting to drive away. Baldwin and Allen finally got him back in the car and the woman started the car suddenly and drove off with appellant and Allen, leaving Clark, the back seat passenger, who had run off some distance.

Appellant was positively identified as the driver of the car at the time of the collision. He thereafter stated to Baldwin over the telephone that he was so drunk he did not know what happened.

A "fifth" whisky bottle, which was almost empty, was picked up by Clark after it had fallen from the car.

Baldwin testified further that he could smell whisky on appellant's breath and he was staggering; could hardly walk; that he observed the appellant when he was behind the wheel and it appeared that he "rared back" as the other occupants were trying to get him to turn the steering wheel and drove into the Baldwin car a second time.

Both Allen and appellant testified that the woman occupant was driving appellant's car at the time of the collision; denied that appellant or any other occupant of the car except Clark

was drinking or drunk; denied that they failed to stop at the stop sign or that Allen produced a pistol or threatened the witness Baldwin. Neither Clark nor the woman testified.

George Bennett testified that he was with appellant, Allen and the woman until after 12 o'clock noon; that he was not drunk and there was no drinking in the car before he left the party at a cafe.

The jury accepted the testimony of Mr. Baldwin, and rejected that of appellant and his witnesses, which was within their province. We find the evidence sufficient to sustain the conviction.

No brief has been filed on appellant's behalf. The record contains a number of informal bills, only one of which is of sufficient importance to discuss.

On cross-examination of the witness Allen the assistant district attorney asked: "Mr. Allen, have you ever been convicted of DWI yourself?" to which the witness answered "Yes, sir."

Appellant then objected to the question and the objection was sustained. He asked the court to instruct the jury to disregard the question and answer, which the court did.

Appellant thereafter moved the court to declare a mistrial because of the question and answer, which motion the court overruled and appellant excepted.

The asking of the question was improper impeachment of the defense witness and the court properly sustained the objection and excluded the answer. But appellant not having objected until the question was answered, and the court having promptly sustained the objection, his failure to declare a mistrial because of the question and answer will not authorize a reversal. One may not permit an objectionable question to be asked and speculate as to its answer before objection. Stone v. State, 89 Texas Cr. Rep. 416, 232 S.W. 818.

The judgment is affirmed.