EDWARD MCARTHUR BROWN V. STATE

No. 29,393. December 18, 1957.

No attorney for appellant of record on appeal.

*Henry Wade,* Criminal District Attorney, *Lem H. Brotherton, Joseph M. Joiner, A. D. Bowie,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of heroin, a narcotic drug; the punishment, life imprisonment.

Detective C. H. Cavender, of the Dallas Police Department, testified that on the evening of December 20, 1956, around 7:30 P.M., he drove to the vicinity of Oakland and Pennsylvania Streets in the city of Dallas in a panel truck; that he was accompanied by his partner, Officer Day, and Tommy Lee Kelly, a special employee working for them in obtaining evidence in narcotic cases; that before they arrived at their destination he

and his partner searched Kelly for narcotics, found none on him, and then gave him $28.00 in bills; that when they arrived the truck was parked on Pennsylvania Street some forty feet from the corner and Kelly got out, walked across the street to the corner where he stood for some forty-five minutes to an hour in view of the detectives who had remained in the truck; that after a colored man came to the corner and "it looked like he said something to him," Kelly returned to the truck and after having a conversation with the officers walked back to the corner and went north on Oakland; that Officer Day then got out of the truck and he (Cavender) drove the truck around the block and parked on Peabody Street where he could observe Kelly standing near the corner of Oakland and Peabody Streets; that after ten or fifteen minutes he observed a person, whom he identified as the appellant, come to the corner and "Kelly gave this person something and he in turn gave Kelly something."

Detective Cavender further testified that he continued to observe Kelly after the transaction and, after he had followed him in the truck and picked him up, Kelly delivered to him four white capsules which he in turn delivered to Lieutenant Frazier.

The evidence was undisputed that a chemical analysis was thereafter made of the four capsules and showed that each contained heroin.

The state called as witnesses Detective Kenneth Day and Tommy Lee Kelly whose testimony substantially corroborated that of Detective Cavender.

In his testimony Kelly identified the appellant as the person who delivered to him the four capsules of heroin after he had given the appellant the sum of $28.00 and testified that he gave the capsules to Detective Cavender.

As a witness in his own behalf appellant denied the transaction with Kelly; testified that he did not see him on that day and denied that he possessed any narcotics on the night in question.

Appellant further testified to an alibi, and called witnesses to support such defense and to testify as to his good reputation for truth and veracity.

The jury chose to accept the testimony of the state's wit-

nesses and reject that of the appellant and we find the evidence sufficient to sustain its verdict.

Appellant complains of the action of the court in instructing him on several occasions while he was testifying to keep his voice up and speak louder and insists that as a result of such instructions his credibility as a witness before the jury was reduced. We find no merit in the contention. The record does not reflect that appellant made any objection to the court's instruction. Furthermore, the record does reflect that while testifying the appellant could not be heard by the trial judge or by state's counsel. Clearly it was within the province of the judge to see that appellant's testimony was heard and to instruct him to speak louder.

Appellant next insists that the court erred in refusing to grant a mistrial after state's counsel on cross-examination of his character witness, Mack Suseda, and who was one of appellant's employers, asked the witness if he did not call the Federal narcotics office and tell them that one of his employees was selling narcotics in his place. The record reflects that appellant made no objection to the question until after it was asked and answered; that the witness answered the question in the negative by stating, "I did not," and that the court instructed the jury to disregard the question.

In view of the appellant's delay in objecting to the question, the witness' negative reply thereto, and the court's instruction to the jury to disregard the question, the court did not err in refusing appellant's request for mistrial. Stone v. State, 89 Texas Cr. Rep. 416, 232 S.W. 818; Sayles v. State, 101 Texas Cr. Rep. 333, 275 S.W. 831; Bell v. State, 160 Texas Cr. Rep. 538, 272 S.W. 2d 888 and Williams v. State, 161 Texas Cr. Rep. 500, 279 S.W. 2d 348.

Appellant's remaining contentions relate to certain questions propounded by state's counsel to the witness, Suseda, to which appellant either did not object or when an objection was made, it was sustained by the court and the jury instructed not to consider the same. Such contentions are overruled.

The judgment of the trial court is affirmed.

Opinion approved by the Court.