TED BRADFORD SALYER V. STATE

No. 32,782. January 25, 1961

No attorney for appellant of record on appeal.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Erwin G. Ernst,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge

Murder is the offense; the punishment, ninety-nine years in the penitentiary.

The evidence is undisputed that on February 20, 1960, in Harris County, the appellant shot and killed the deceased, Leona Pearl Sawyer, with whom he had been living for approximately three years.

The only major conflict in the evidence concerns whether the killing was the result of an accident or whether it was a malicious murder.

Witnesses appearing for the state testified to facts which would authorize the jury to determine that the killing was murder with malice aforethought.

Testifying in his own behalf, the appellant claimed the killing was accidental.

Under a proper instruction from the court on murder with malice, murder without malice, and accident, the jury chose to accept the evidence as presented by the witnesses for the state, and rejected that of the appellant.

The evidence is amply sufficient to support the jury's verdict, and no benefit would be derived from a summation of the evidence as given by each individual witness.

The record contains no formal bills of exception nor objections to the court's charge. No brief has been filed on behalf of the appellant.

The voluminous statement of facts, consisting of 531 pages, contains only one informal bill of exception.

After the mother of the deceased had testified on direct examination and cross-examination, she was again questioned by the attorney for the state, Mr. Ernst, on re-direct examination, as follows:

"Q. Now, this time that Mr. Flemming [defense counsel] talked about wherein Ted Bradford apparently shot the pistol twice in the house, is that the time that he shot her in the face? A. No, sir; they lived at 6719 Avenue F where he shot her in the face."

[Mr. Flemming: "Your Honor, I'm going to object.]

[The Court: "Yes. I instruct the jury to disregard it. That's not the answer.]

[Mr. Ernest: I'm sorry.]

[The Court: "Disregard that testimony, gentlemen. It does not concern this.]

[Mr. Flemming: "Will you instruct the jury?]

[The Court: "I so instruct them."]

Following this occurrence the attorney for the appellant moved for a mistrial, which motion the court overruled. The appellant then reserved his exception.

Complaint was made by the appellant to the evidence elicited by the question and answer for the reason that the evidence showed that he had shot the deceased on a previous occasion.

The evidence would appear to be admissible. Art. 1257a, V.A.P.C.

As will be seen from the above, only a general objection was made.

Subsequent to this ruling by the court and after the introduction of further testimony, appellant's counsel moved for a mistrial.

We think the evidence, which appellant deemed "highly prejudicial," was made harmless to him (appellant) by the able trial judge's instruction to the jury to disregard it and that any harm which might have resulted to the appellant was thereby cured.

The rule appears to be aptly stated in 42 Tex. Jur. 117, Sec. 85 as follows:

492

"The trial court is only called upon to pass on the grounds of objection which may be urged; and the appellate court merely passes on the question as to whether the trial judge erred in passing upon the objection in the form in which it was presented.

" 'There are numerous decisions holding that this court will judge of the action of the trial court in rejecting or admitting testimony from the standpoint of the objections made, and not from the standpoint of objections which might have been made but were not.' "

While the asking of the leading question might well be improper, the response given to the question asked was not hearsay. But appellant made no objection after the question was answered, and there is no showing as to why he chose to delay making his objection.

The contention made by appellant was properly determined by this court contrary to the appellant in the case of Bell v. State, 160 Tex. Cr. Rep. 538, 272 S.W. 2d 888, wherein we said:

"The asking of the question was improper impeachment of the defense witness and the court properly sustained the objection and excluded the answer. But appellant not having objected until the question was answered, his failure to declare a mistrial because of the question and answer will not authorize a reversal. One may not permit an objectionable question to be asked and speculate as to its answer before objection. Stone v. State, 89 Tex. Cr. R. 416, 232 S.W. 818."

The judgment is affirmed.