Alfred David WEBB, Appellant,

v.

The STATE of Texas, Appellee.

No. 44571.

Court of Criminal Appeals of Texas.

April 5, 1972.

Rehearing Denied June 14, 1972.

Melvyn Carson Bruder, Dallas (On Appeal by appointment), for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Harry J. Schulz, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary. Trial was before a jury, with punishment assessed by the court at confinement for twelve years.

The evidence reflects that on May 19, 1969, at about 3:00 a. m., Mr. Kemp, owner of the Kemp Lumber Company, which is located in Dallas, received a call from a security company that a burglar alarm in his place of business had been activated. Kemp, armed with his shotgun, drove immediately to his business. Upon arriving, he observed no one, but after entering the building, he observed a broken window in his office, an assortment of tools on his desk, and a partially opened sliding door. Kemp then found the burglars in an office adjacent to his office. In order to leave this office, the burglars would have had to pass Kemp. A gunfight ensued, and Kemp was wounded. Kemp then moved to the front door of the building, where one man with a pistol charged him. Kemp wounded the man in the stomach, and both fell to the ground. The man ran away, screaming. After Kemp fell, he saw another man jump from a window. Kemp re-entered the building and found appellant. He held appellant at gunpoint until the police arrived. Kemp testified that he had a full view of the building and that no one entered between his arrival and the arrival of the police.

Appellant asserts five grounds of error. In his first ground he contends that the trial court erred in admitting the contents of a conversation between him and the arresting officer. He contends that his statement was an oral confession, and was inadmissible because he had not been warned in accordance with Art. 38.22, Ver-

non's Ann.C.C.P., and because the statement did not comport with Art. 38.22, § 1(e), supra.

The record reflects that appellant was arrested at the place of business where the burglary occurred, after having been held at gunpoint by the owner of the business. The State asked the owner, Kemp, if he had occasion to hear a conversation between appellant and the police officers who arrested him. Appellant objected on the ground that the answer would be hearsay, and his objection was overruled. Kemp answered that he did hear part of the conversation. Thereafter Kemp was asked if he was able to determine from whence appellant had come immediately prior to the burglary. Kemp replied that appellant had come from a beer tavern. Kemp also testified that he learned from the conversation that three people took part in the burglary and that their purpose in entering his business was "to rob it." No further objection was made by appellant to this testimony.

Later in the trial, Jack Williams, a Dallas police officer, testified that after arriving at the scene of the burglary, he had occasion to talk with appellant. He testified that as a result of this conversation, he determined that appellant had come to the business from a bar. Williams was then asked whether appellant came to the business alone or with someone. Williams answered that appellant told him that two other men came with him. At this point, appellant objected to the admission of any statement made by him until it had been established that he had made the statement after being warned, and was allowed to take the witness on voir dire examination. At the conclusion of the examination, the court overruled his objection.

■ In regard to Kemp's testimony, it appears that there was no error. Kemp was asked if he had heard the conversation, and appellant objected. His objection was properly overruled, as Kemp was not asked to state the content of the conversation, but was merely asked if he had heard it. Thereafter, Kemp was asked to relate what he had learned as a result of hearing the conversation and he testified as summarized earlier. No objection was made by appellant. Therefore, no objection having been made to the testimony, there was no error preserved for review. e. g., Jenkins v. State, 468 S.W.2d 432 (Tex.Cr. App.1971); Hart v. State, 447 S.W.2d 944 (Tex.Cr.App.1969); Watkins v. State, 411 S.W.2d 364 (Tex.Cr.App.1967).

■ In regard to Officer Williams' testimony, no objection was taken until after the questions were asked and answered. Appellant's objection was upon a ground which was apparent when the first question was asked; therefore, his objection was not timely and no error is preserved for review. Salyer v. State, 170 Tex.Cr.R. 489, 342 S.W.2d 315 (1961); Bell v. State, 160 Tex.Cr.R. 538, 272 S.W.2d 888 (1954); Stone v. State, 89 Tex.Cr.R. 416, 232 S.W. 818 (1921).

Also, since Kemp had testified to the same facts earlier in the trial without objection, the admission of Williams' testimony was not error. e. g., Hart v. State, 447 S.W.2d 944 (Tex.Cr.App.1969); East v. State, 420 S.W.2d 414 (Tex.Cr.App. 1967). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred in failing to charge the jury on the issue of the voluntary nature of the statement made by him to Officer Williams. In view of the fact that objection was not timely made to the admission of the content of the conversation, and no evidence appears to raise the question, it appears that the voluntary nature of the statement was not properly in issue. Therefore, it appears that a charge as requested by appellant was not required by Art. 38.22, § 2, V.A. C.C.P. Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the trial court erred in admitting into evidence a pistol which was found by Kemp at the spot where he fell after leaving the building. Appellant contends that the pistol was not connected with him and therefore, it was irrelevant and its admission was error. Kemp had testified that one of appellant's accomplices fired at him and wounded him with a pistol. We do not feel that the trial court erred in admitting the pistol. A witness may relate the whole of a transaction, provided that it is not unduly prejudicial, whether relevant or not. See McCormick and Ray, Evidence, § 911 (2nd Ed.).

In his fourth ground of error, appellant contends that the trial court erred in refusing to grant a mistrial after counsel for the State asked the witness Kemp how long he was hospitalized as a result of his wounds inflicted by one of the burglars. The court sustained the objection, and counsel for the State withdrew the question. Kemp had testified earlier in regard to the nature and extent of his wounds. At that time, appellant objected on the ground that he was not connected with the shooting, but his objection was made after Kemp had testified that he had been shot and after Kemp had given some detail as to his injuries. Appellant's objection on the ground that he was not connected with the shooting was not timely, it having been made after Kemp had testified, without objection, that he had been shot and injured. Therefore, the error, if any, in admitting such testimony was waived.

In his fifth ground of error, appellant contends that the trial court deprived him of the right to have a witness testify in his behalf by "threatening and harassing" the witness, who refused to testify.

After the State rested its case, appellant called Leslie Max Mills as a witness. The court admonished Mills. We do not condone the manner of the admonition, however, there is no showing that the witness was intimidated by the admonishment and further, no objection was made until the admonition was completed. There was no showing that he refused to testify because of the admonishment. There is no reversible error shown.

In addition to his five grounds of error, appellant sets forth six additional points "deemed worthy of presentation because of arguable merit." Each point consists of a sentence fragment, and is not briefed. The points refer to a page or pages of the record, but cite no authority. The points will not be reviewed. Art. 40.-09, § 9, V.A.C.C.P.; Gonzalez v. State, 468 S.W.2d 85 (Tex.Cr.App.1971); Alexander v. State, 458 S.W.2d 656 (Tex.Cr.App. 1970).

The judgment is affirmed.