# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00748-CR

**John Brantley Park, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
## NO. CR4980, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING

Appellant John Brantley Park[1] was charged with the offense of driving a motor vehicle while intoxicated, which was enhanced to a third-degree felony due to two prior convictions for the same offense. *See* Tex. Penal Code Ann. §§ 49.04, .09(b) (West Supp. 2001). A jury found appellant guilty and sentenced him to ten years of confinement. Appellant challenges his conviction, asserting the State was improperly permitted to refer to a police inventory not introduced into evidence. We affirm the trial court's judgment.

### Background

Llano police officer Jody Deatherage testified at trial to the events that occurred during appellant's traffic stop. In the early morning hours of July 4, 1999, Officer Deatherage

---

[1] Appellant has also used the surname, Parks, on several court documents. We refer to appellant by the name specified in the trial court's judgment.

responded to a dispatch call that followed a report of a possible drunk driver. Officer Deatherage stated that he encountered the vehicle on Ford Street within the Llano city limits. He further stated that he observed the car drift across the white lines separating the northbound lanes of traffic into the outside lane of the street. He then saw the driver attempt to return to the inside northbound lane, but continue across the double yellow lines into the inside lane of southbound traffic. At that time, he activated the lights on his patrol car and pulled over the vehicle that appellant was driving.

Officer Deatherage detected a strong odor of alcohol coming from the car and observed that appellant had difficulty retaining his balance as he exited the car. As the officer administered several field sobriety tests, appellant became uncooperative. Officer Deatherage testified that, based on appellant's poor balance, slurred speech, inability to follow directions, and failure of the sobriety tests, he arrested appellant for driving while intoxicated. After the arrest, Officer Deatherage visually inspected the contents of the car. In the back seat and trunk, he saw an unopened case of beer, several fireworks, and an ice chest containing beer and sodas.

Appellant also testified at trial. Appellant maintained that, while he was driving, he was not intoxicated, but became so only after he was stopped. Appellant stated that, when he saw a police car turn around to follow him, he knew he would be arrested for an outstanding warrant. Appellant claimed that, after pulling his vehicle over to the side of the road, he opened a quart of Bellows whiskey that was under the driver's seat and "turned it up." Appellant further claimed that he became intoxicated only after "swigging" about a fifth of whiskey from the bottle just before the police officer approached him. He testified that he then put the cap on the bottle and placed it under the driver's seat of the vehicle.

2

On cross-examination of appellant, the State sought to discredit appellant's account of events by questioning him about the testimony of the arresting officer and a police inventory of his vehicle, neither of which mentioned a whiskey bottle. The relevant portion of the reporter's record with appellant's testimony is as follows:

[Cross-Examination of the Defendant by Prosecutor]

[Prosecutor]: Okay. That's fine. What did you do with that bottle after you chugged it? What happened to it?

A: Put the cap on it and stuck it back under the seat.

[Prosecutor]: May I approach the witness, Judge?

The Court: You may.

[Defense Counsel]: Your Honor, may we approach on this?

The Court: Sure.

(At the bench)

[Defense Counsel]: You have a prior inconsistent statement or something?

[Prosecutor]: No –

[Defense Counsel]: You're going do that, and it doesn't have his signature on it?

The Court: What do you-all want? I don't know what you're arguing. Tell me what you're up here for. You asked to approach.

[Defense Counsel]: Well, I anticipate that he's going to try and impeach my client, attempt to impeach with this, and that's completely improper. There's no statement here –

The Court: You know -- how do you know?

3

[Defense Counsel]: Police inventory deal. Has nothing to do -- if he wants to properly authenticate this and lay the predicate --

The Court: Is this the police inventory?

[Prosecutor]: Yes.

The Court: He's already testified. It's impeachment. He has already testified what happened to the bottle, what didn't happen to the bottle, where he put it, the whole 10 yards --

[Defense Counsel]: Well, if he wants to introduce it --

The Court: He's going to do that. He just now marked it. If he don't lay the proper predicate, you object.

[Defense Counsel]: Okay.

(In the hearing of the jury)

(Reporter marked State's Exhibit No. 6)

Q: (By [Prosecutor]): Sir, you heard Officer Deatherage testify what he observed in your vehicle, correct?

A: Yes.

Q: You heard he never mentioned a bottle of whiskey, correct?

A: Yes.

Q: And I'm going to show you State's Exhibit Number 6, sir. Do you recognize what State's Exhibit Number 6 is?

A: Yes.

Q: What is State's Exhibit Number 6?

A: Well, this is the –

[Defense Counsel]: Your Honor, I'm going to go –

4

The Witness:          -- says fireworks --

The Court:            Just a minute.  Just a minute, please.  Just a minute.  What?

[Defense Counsel]:    Your Honor, if the government wants to--

The Court:            No, I don't want you to tell me what the government wants.
                      Tell me   what your objection is, if you're going to make one.

[Defense Counsel]:    My objection is that, first off, he has him testifying from a
                      document that has not been introduced into evidence, Your
                      Honor.  That's the first objection.

The Court:            Okay, Well, he's trying to get him to identify it.

[Defense Counsel]:    Okay.

The Court:            So that objection's overruled at this time.

[Defense Counsel]:    The second objection, Your Honor, is that this witness cannot
                      properly authenticate a document that was prepared by
                      somebody else.

The Court:            That objection's overruled at this time.

The Witness:          Yes.  There was a pint of gin under the other seat, and maybe a
                      numerous amount of beers and stuff laying in the back
                      floorboard.  Yeah, yeah.  That, there was also other things in
                      there that's not on there, yeah.

[Defense Counsel]:    Renew my objection to testifying --

The Witness:          Lots of things on there that's –

The Court:            Objection's overruled.


The prosecutor continued to question appellant regarding the inventory, asking him to confirm that

the exhibit was an inventory of his vehicle and that it did not mention a whiskey bottle or a pint of

5

gin. During this line of questioning, appellant's counsel voiced no further objections. State's exhibit number six was not offered or admitted into evidence.

Appellant identifies his sole issue on appeal as follows: "Did the trial court err in allowing cross-examination of appellant that allowed the contents of State's exhibit no. 6, an inventory of appellant's vehicle, to be presented to the court without being properly introduced into evidence and authenticated?"

**DISCUSSION**

We review a trial court's rulings admitting evidence according to an abuse of discretion standard. *See Salazar v. State*, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001), *petition for cert. filed*, (U.S. June 1, 2001) (No. 00-10389); *Green v. State*, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); *Coffin v. State*, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994); *cf. Montgomery v. State*, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1990) (op. on reh'g); *Poole v. State*, 974 S.W.2d 892, 897 (Tex. App.—Austin 1998, pet. ref'd). As a reviewing court, our role is "limited to determining whether the record supports the trial court's ruling." *Coffin*, 885 S.W.2d at 149. We do not disturb a trial court's ruling concerning the admission of evidence if it lies within "the zone of reasonable disagreement." *Salazar*, 38 S.W.3d at 154; *Montgomery*, 810 S.W.2d at 391; *Poole*, 974 S.W.2d at 897. All relevant evidence is admissible at trial unless otherwise barred by the Constitution, statute, or rule. Tex. R. Evid. 402. Relevant evidence tends to make a fact at issue more or less probable. *Id.* 401.

Appellant argues that, by permitting the State to cross-examine him regarding the contents of the police inventory, the trial court did not require the State to comply with the rules for

6

the admission of evidence set forth in Texas Rules of Evidence 803(8)(B) and 901. *Id.* 803(8)(B) (creating a hearsay exception for public records and reports but excluding from that exception law enforcement reports); *id.* 901 (establishing a requirement of authentication or identification). The State responds that defense counsel did not preserve error because his objections were not timely and that even if the objections were considered timely, the trial court did not err in permitting the questioning. The State also urges that any error was harmless. We first consider whether appellant preserved error for appeal.

To preserve error, an objection to the admission of evidence must be timely[2] and specific. *Id.* 103(a)(1); Tex. R. App. P. 33.1(a)(1); *see also Franklin v. State*, 12 S.W.3d 473, 477 (Tex. Crim. App. 2000); *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). In addition, the objecting party must obtain a ruling, or show that the court refused to rule, on his objection. Tex. R. App. P. 33.1(a). The basis of the objection at trial must comport with the issue raised on appeal. *Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993); *McFarland v. State*, 845 S.W.2d 824, 838 (Tex. Crim. App. 1992); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

In this case, appellant's counsel first protested the prosecutor's use of the police inventory of appellant's vehicle as the court reporter marked the document as State's exhibit number

---

[2] To be timely, counsel is required to object as soon as the ground for the objection becomes apparent. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995); *Thompson v. State*, 691 S.W.2d 627, 635 (Tex. Crim. App. 1984); *Guzman v. State*, 521 S.W.2d 267, 269 (Tex. Crim. App. 1975). Such a ground usually becomes apparent when evidence is offered or admitted. *Dinkins*, 894 S.W.2d at 355; *Johnson v. State*, 878 S.W.2d 164, 167 (Tex. Crim. App. 1994); *Wilson v. State*, 511 S.W.2d 531, 532 (Tex. Crim. App. 1974). Thus, when a question clearly seeks to elicit an objectionable response, an objection should be made before the response is given. *Dinkins*, 894 S.W.2d at 355; *Guzman*, 521 S.W.2d at 269; *Webb v. State*, 480 S.W.2d 398, 400 (Tex. Crim. App. 1972).

six. Even if we construe counsel's comments at the bench as a sufficient objection, no error was preserved for appeal because the trial court did not rule on the objection.[3] *See* Tex. R. App. P. 33.1(a).

Appellant's counsel next objected when the prosecutor asked appellant to identify the exhibit, asserting that the prosecutor was trying to have appellant (i) testify from a document not in evidence and (ii) authenticate a document prepared by someone else. The trial court overruled these objections. After the trial court ruled, appellant volunteered testimony that numerous items, including the whiskey bottle, were missing from the police inventory of his vehicle. At the end of appellant's statement, defense counsel asserted, "Renew my objection to testifying . . . [.]" The trial court also overruled this objection.

In his brief, appellant states the issue so it comports with the objections raised at trial, but the issue as briefed is not consistent with the objections made below. Appellant first argues that the police inventory was inadmissible hearsay under Texas Rule of Evidence 803(8)(B). Tex. R. Evid. 803(8)(B). When the prosecutor asked appellant to identify the inventory marked as State's exhibit number six, defense counsel did not raise a specific hearsay objection. Because the trial objection does not comport with appellant's complaint on appeal, the claimed error was not preserved.[4] *See Camacho*, 864 S.W.2d at 533; *McFarland*, 845 S.W.2d at 838; *Rezac*, 782 S.W.2d at 870.

---

[3] Appellant does not suggest that the trial court refused to rule on this objection.

[4] In addition, because the State's question sought to identify a marked exhibit rather than to elicit an objectionable response, defense counsel's objection may be viewed as premature. *See Dinkins*, 894 S.W.2d at 355; *Guzman*, 521 S.W.2d at 269; *Webb*, 480 S.W.2d at 400.

8

Citing Texas Rule of Evidence 901(a), appellant also contends that he could not authenticate a document prepared by someone else. Tex. R. Evid. 901(a). Texas Rule of Evidence 901(a) reads, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims." *Id.* Without any further citation to authority, appellant asserts that because none of the officers who participated in the preparation of the inventory testified at trial and the only person questioned about the inventory played no part in its preparation, the inventory was not properly authenticated as the document it purported to be.

Importantly, the remaining testimony at issue was not elicited by the prosecutor's questioning. After the trial court ruled on defense counsel's authentication objection, appellant blurted out without further question from the State that numerous things were missing from the inventory. Defense counsel then renewed his earlier objection that appellant was testifying from a document not in evidence, and the trial court overruled it.[5]

In his brief, appellant offers no additional argument or authority to demonstrate how the trial court erred in its ruling on the authentication objection. Again, appellant's arguments on appeal do not comport with the objection made at trial to appellant's volunteered testimony. Because we find that appellant offers no additional argument with respect to any error arising from these particular rulings and that the argument in his brief does not comport with the trial objections, we

---

[5] We note that defense counsel could have objected to appellant's volunteered testimony as nonresponsive and then requested that the trial court strike, and instruct the jury to disregard, that portion of appellant's testimony. By asking the court to strike the testimony, counsel could have minimized any damage caused by appellant's self-inflicted wound.

further conclude that appellant's briefing is not sufficient[6] and does not preserve error. *See* Tex. R. App. P. 38.1(h); *Camacho*, 864 S.W.2d at 533; *McFarland*, 845 S.W.2d at 838; *Rezac*, 782 S.W.2d at 870. Even if the error was preserved, we conclude that the trial court's rulings lie within "the zone of reasonable disagreement," and we may not disturb such a ruling. *Salazar*, 38 S.W.3d at 154; *Montgomery*, 810 S.W.2d at 391; *Poole*, 974 S.W.2d at 897.[7]

If we now assume that the trial court erred in permitting appellant to testify about the inventory, admission of this testimony would be harmless. Texas Rule of Appellate Procedure 44.2(b) provides that a nonconstitutional error "that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). The Court of Criminal Appeals has determined that substantial rights are not affected by the erroneous admission of evidence "'if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.'" *Reese v. State*, 33 S.W.3d 238, 243 (Tex. Crim. App. 2000) (quoting *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

Because we find that the issue on appeal has not been sufficiently preserved and has not been sufficiently briefed, we cannot say on the record before us that the trial court abused its

_____

[6] The record does not contain a copy of the police inventory. Thus, we are unable, on the record before us, to conclude that the trial court permitted the prosecutor to use a document which was not authenticated. Tex. R. Evid. 901(b), 902(1), (2), (4). We note that Texas Rule of Evidence 902 expressly designates certain public records as self-authenticating. *Id.* 902(1), (2), (4) (recognizing as self-authenticating domestic documents under seal, domestic documents not under seal but certified, and certified copies of public records). Because we cannot examine the inventory, we cannot determine whether it was self-authenticating.

[7] Again, because the State merely asked appellant to identify a marked exhibit, which would not require an objectionable response, defense counsel's objection may be viewed as premature. *See Dinkins*, 894 S.W.2d at 355; *Guzman*, 521 S.W.2d at 269; *Webb*, 480 S.W.2d at 400.

discretion.  In addition, after reviewing the entire record, we cannot say that admission of this evidence influenced the jury, or, in any event, had more than a slight effect on the jury.  Accordingly, we overrule appellant's issue on appeal.

## CONCLUSION

We affirm the trial court's judgment of conviction.

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   July 26, 2001

Do Not Publish